A. L. PALMER, PLAINTIFF IN ERROR, v. THE CITY OF LINCOLN, DEFENDANT IN ERROR.

Master and Servant: LIABILITY OF MASTER FOR NEGLIGENT ACTS OF SERVANT. Where an obstruction in a street is purely collateral to the work contracted to be. done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results *directly* from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do the work is equally liable to the injured party.

ERROR to the district court for Lancaster county. Tried below before POUND, J. The opinion states the case.

*M. H. Sessions*, for plaintiff in error.

I. The doctrine as finally settled in this country by the clear weight of authority is, that when one person contracts with another, who is a skillful, competent, and

reliable person, for the doing of a piece of work or job, the performance of which is not in itself a nuisance, and the contractor has the entire control and management of doing said work or job to the exclusion of the employer, he in no wise interfering in the execution of the same, or in the employment of the men in the performance of the same, is not liable to third parties for injuries to such parties by the contractor's negligence. The true test in determining the question is, did the relation of contractor and contractee exist between the employer and the employe? and did the employer retain the power of controlling the work? If the relation of contractor and contractee did exist, and the employer did not retain the power of controlling the work, then he is not liable for such injuries. The principle of *respondeat superior* has no application. Wharton on Negligence, section 181 and 817. *Hilliard v. Richardson*, 3 Gray, 349. *Brackett v. Lubke*, 4 Allen, 139. *DeForrest v. Wright*, 2 Mich., 368. *Cincinnati v. Stone*, 5 O. S., 38. *Cuff, Admr., v. R. R. Co.*, 35 N. J. Law, 17. *Boswell v. Laird*, 8 Cal., 469. *Meyer v. R. R. Co.*, 2 Neb., 319. *Van Wert v. City of Brooklyn*, 28 How. Prac., 451. *Eaton v. R. R. Co.*, 59 Me., 521. *Callahan v. B. & M. R. R. Co.*, 23 Iowa, 562. *Kellogg v. Payne*, 21 Iowa, 575.

II. But it is contended that when the contract between the contractor and contractee contains a stipulation for the performing of the work, which was the cause of the injury complained of, that then the contractee does become liable, and the rule of *respondeat superior* obtains. In other words if the contract be for the entire erection of the building, and that involves the digging of an excavation in the proper erection of the same, and the contractor negligently and carelessly leaves the same unguarded so that a stranger falls into the same and

receives injuries, that in that case the rule of *respondeat superior* obtains, and the employer is liable.

That there are cases that make this distinction and so hold is not disputed; but that such is the weight of authority, or that it is sound in principle, is denied. *Blake v. Ferris*, 5 N. Y., 48.   *Pack v. The Mayor, etc.*, 8 N. Y., 222.   *Kelly v. The Mayor, etc.*, 11 N. Y., 432. *Scammon v. Chicago*, 25 Ill., 424.   *Painter v. Pittsburg*, 46 Penn. State, 213.   *Blackwell v. Wiswall*, 24 Barb., 355.   *Barry v. St. Louis*, 17 Mo., 121.   *Du Pratt v. Lick*, 38 Cal., 691.   *Overton v. Freeman*, 73 E. C. L., 866.   *Williard v. Tatham*, 57 Penn. State, 374.

*Cobb, Marquett & Moore*, for defendant in error.

I.   The liability of Palmer arises, *first*, from the fact that he is the *author* of the excavation that caused the injury; *second*, that the law imposes on every one who causes a hole to be made in a sidewalk to see that it is made safe for the public.   Palmer being the owner of the adjacent lot is the *ultimate superior;* he alone can determine that the excavation shall be made, and by causing the same to be made he incurs the obligation to the public to see that the same is so guarded or fenced that persons will not be injured.

II.   The party that causes the injury ought to be the person who responds in damages for the injury so caused. Shearman & Redfield on Negligence, 84, p. 107.   Wharton on Negligence, 186.   Dillon's Mun. Corp., 793, 794, 795.   *Chicago v. Robbins*, 2 Black, 418.   *Id.*, 4 Wall., 657.   *Detroit v. Corey*, 9 Mich., 165.   *Storrs v. Utica*, 17 N. Y., 104.   *Congreve v. Smith*, 18 Id., 83.   *Milford v. Holbrook*, 9 Allen, 17.   *Littleton v. Richardson*, 32 N. H., 59. *City of Brooklyn v. City R. R. Co.*, 47 N. Y., 475. *Wood v. Mears*, 12 Ind., 515.   *Rowell v. Williams*, 29 Iowa, 212.   *Portland v. Richardson*, 54 Maine, 46.

The obligation of Palmer is one created by *law*. No man can authorize a hole to be dug in the ground, which is dangerous in itself, on his own land or land which he controls without incurring an obligation to see that the hole is so guarded as not to be dangerous to those who may pass near the same. Shearman & Redfield on Negligence, 107.

Or, in other words, the right Palmer had to make the excavation in the side-walk opposite his lot was a right qualified by the duty he owed to all persons who might pass the same while the excavation remained open, to see that it was so guarded and lighted in the night time that it would be safe for passers by.

Palmer could not absolve himself from this duty he owed to all by making a contract with one, perhaps irresponsible, person. This would be to allow him to get rid of the duty he owed to A, B, and C, and the public, by making a contract with D.

No one can contract away the duty he owes to the public. Shearman & Redfield on Negligence, 83. *Inhabitants of Stoughton v. Porter*, 13 Allen, 191, 193. *City of Brooklyn v. Brooklyn City R. R. Co.*, 47 N. Y., 484.

MAXWELL, J.

The city of Lincoln brought its action in the district court of Lancaster county, against A. L. Palmer, to recover of him the amount of a judgment, interest, and costs, recovered by Humphrey D. Gilbert against said city. The petition alleges that "the plaintiff is a city of the second class; that Alfred L. Palmer was, on or about the first day of October, 1873, and at the time the injuries received by Humphrey D. Gilbert hereinafter stated, the owner of lot seven in block fifty-six in the city of Lincoln; that said lot is situated on and fronts on O street, one of the public streets of said city; that

said defendant prior to that time had wrongfully excavated in the side-walk next to and adjoining his said lot, an area of great length, width and depth to-wit: twenty-five feet long, fifteen feet wide, and nine feet deep, and wrongfully suffered the same to remain uncovered and unguarded, so that one Humphrey D. Gilbert on or about the night of the eleventh of October, 1873, while exercising reasonable care and prudence in passing along the street or sidewalk fell into it and was greatly injured; that said Gilbert brought suit against said city in the district court of Lancaster county, and at the April term, 1875, recovered a judgment for one thousand dollars and costs amounting to three hundred dollars, which sum the said city paid on the twelfth day of October, 1875, amounting in all to the sum of $1,350.43; that although said city is primarily liable, yet the said Alfred L. Palmer is responsible over to the said city for the amount of the judgment, interest, and costs, so recovered and paid by said city; that after the commencement of said suit by said Gilbert against said city, the said Palmer, defendant herein, had due notice that said suit was pending against said city of Lincoln, and employed counsel to defend the same; wherefore plaintiff prays judgment, etc."

The plaintiff in error (defendant in the court below) admits in his answer to the petition that the defendant in error is a corporation; "that he was the owner of lot seven in block fifty-six at the time alleged in the petition; admits there was an excavation on O street in front of said lot, but denies that he had wrongfully made said excavation, or that he wrongfully suffered said excavation to remain uncovered or unguarded, or that he had in any way or manner suffered said excavation to remain uncovered or unguarded; and he denies that he had any control over or about said excavation at the time said Gilbert fell into the same, or that he ever had any control over or about the same; admits that said Gilbert fell into said excava-

tion as alleged; admits that said Gilbert recovered judgment against the city for the amount set forth in the petition, and that the city has paid the same; admits that he had notice of the pendency of said suit and the trial thereof; but the defendant denies that he is responsible over, or that he is in any way or manner liable to this plaintiff for the amount of said judgment for damages and costs so recovered, for the reason that this defendant on the twenty-third day of September, 1873, being desirous of erecting a brick building on said lot did upon that day make and enter into a written contract with Denny and Doolittle, skillful, reliable and competent builders in said city, for the erection of said building upon said lot for the gross sum of $6,760.00 (a copy of the contract and exhibits are set out in the answer), that on the twenty-third day of September, 1873, defendant surrendered the possession of said lot to said builders for the purpose of thus erecting and building thereon under said contract; that said Denny and Doolittle, contractors as aforesaid, entered upon and into the possession of the same for the purpose of erecting said building thereon under said contract; and that the entire work in the erection of said building upon said lot was done under their management and control; * * * that at the time when this defendant had no possession of or management of or control of said lot, or of the work in erecting said building thereon, the said Gilbert fell into said excavation, and received the injuries complained of; the defendant denies every allegation in the petition not heretofore admitted or denied."

To this answer a demurrer was filed on the ground that the facts stated therein were not sufficient to constitute a defense to the action. The court sustained the demurrer and rendered judgment for the plaintiff. The defendant, Palmer, brings the case into this court by petition in error. The errors assigned are:

*First.* That the court erred in sustaining the demurrer of the defendant in error to the answer of the plaintiff in error.

*Second.* That the court erred in rendering judgment for the defendant in error against the plaintiff in error, upon the pleadings, for the sum of $1,388.40 damages and costs of suit.

The plaintiff in error insists that having let the contract to make the necessary excavation, and for the erection of a building on the lot in question, to competent and skillful contractors, such contractors not being under his direction or control, he is, therefore, not liable to third persons for injuries sustained by them in consequence of the negligence of the contractors in the prosecution of the work. All the cases to which our attention has been called hold the principal liable where the relation of principal and agent or master and servant exists; but there is a direct conflict of authority, particularly in the earlier cases, as to such responsibility where an independent contractor intervenes. In *Clark v. Frye*, 8 Ohio State, 379, a case somewhat similar to this, the court held that the rule of *respondeat superior* could arise only out of the relation of superior and subordinate, and that the reason of the rule is to be traced to the power of control and direction which the superior has a right to exercise, and which for the safety of others he is bound to exercise, over the acts of his subordinates; but the court held that this rule of liability did not apply in case of injury sustained by reason of negligence in the manner of conducting the execution of a job of work in building a house, where the builder by the contract had taken upon himself the responsibility of the employment of his own hands, and the control and direction of the work, in conformity with the terms of the contract. The reasoning by which this able court reached this conclusion appears to have been this: That as Clark

had let the entire contract to Freeman, a contractor, he could not, therefore, be liable for the *carelessness* of the workmen in doing the work. That is undoubtedly true as to the manner in which the work is performed; but where the injury results from an excavation having been made in the street at the direct instance of the lot owner, and in pursuance of a contract entered into, even with an independent contractor, for that purpose, the lot owner is the ultimate superior and is liable. And this principle is recognized in *Clark v. Frye.* The court say: "If the owner of real estate should willfully allow a nuisance to be created, or to be continued by another on or adjacent to his premises, in the prosecution of a business for his benefit and under his authority, when he had full power to prevent or abate the nuisance, he would be justly liable for any injury which might result there-from to another person."

In *Scammon v. Chicago,* 25 Ill., 424, the court held that if the nuisance necessarily occurs in the ordinary mode of doing the work, the occupant or owner is liable; but if it is from the negligence of the contractor or his servants then he alone should be responsible. The court in that case assumed that the contractor or his servants were negligent, and therefore there could be no recovery.

In *Hilliard v. Richardson,* 3 Gray, 349, the owner of a building contracted with a carpenter at an agreed price to furnish the material and repair it. The carpenter employed a teamster to haul lumber, who left it in the middle of the street in front of the lot, and in con-sequence thereof an accident occurred. The court held that it was not a nuisance erected by the owner of the land or by his license to the injury of another.

In *Storrs v. Utica,* 17 New York, 108, the court say: 'The cause of the accident therefore was not in the manner in which the work was carried on by the labor-ers; if it had been, their immediate employer, and he

only, was liable for the injury. But in a sense strictly logical, as it seems to me, the accident was the result of the work itself, however skillfully performed. A ditch cannot be dug in a public street and left open and unguarded at night without imminent danger of such casualties. If they do occur, who is the author of the mischief? Is it not he who causes the ditch to be dug, whether he does it with his own hands, employs laborers or lets it out by contract? If by contract, then I admit that the contractor must respond to third parties, if his servants or laborers are negligent in the immediate execution of the work. But the ultimate superior or proprietor first determines that the excavation shall be made, and then he selects his own contractor. Can he escape responsibility for putting a public street in a condition dangerous for travel at night by interposing the contract which he himself has made for the very thing which creates the danger? I should answer this question in the negative."

The law on this subject is thus summed up in *Robbins v. Chicago*, 4 Wall., 679: "Where the obstruction or defect caused or erected in the street is purely collateral to the work contracted to be done, and is entirely the result of the wrongful acts of the contractor or his workmen, the rule is that the employer is not liable; but where the obstruction or defect which occasioned the injury results *directly* from the acts which the contractor agrees and is authorized to do, the person who employs the contractor and authorizes him to do those acts is equally liable to the injured party." See, also, *Chicago v. Robbins*, 2 Black, 418.

The plaintiff in error endeavors to shield himself from liability by setting up the contract with Denny and Doolittle for the erection of a building on the lot in question, claiming that they had exclusive control of the premises at the time; so far as appears from the

answer the injuries complained of were the direct result of making the necessary excavation for the erection of the building, such excavation having been made in pursuance of the contract. The plaintiff in error is therefore the ultimate superior, and is liable equally with the contractors. The question of notice does not arise in the case.

It is objected that the court erred in rendering judgment for costs. The answer admits that "Gilbert recovered judgment against said city for $1000.00 and for his costs."

We see no error in the ruling of the court. The judgment is affirmed.

JUDGMENT AFFIRMED.