CITY OF OMAHA V. FREDERICKA JENSEN.

[FILED JUNE 30, 1892.]

1. **Municipal Corporations:** UNSAFE STREETS. Where an excavation is made in a public street under contract with the city authorities, such city cannot shift the responsibility for keeping its streets in a safe condition onto a contractor and thus relieve itself from liability for neglect to erect proper barriers to prevent accidents by falling into such excavation. It may no doubt require a contractor to indemnify it against loss occasioned by such accidents.

City of Omaha v. Jensen.

2. ———: ———: NOTICE. Where a city causes an excavation to be made in a public street it cannot plead want of notice of the failure to errect barriers to prevent accidents by falling into the excavation. It is its duty to see that such barriers are erected and kept up.

3. Evidence: TESTIMONY OF ABSENT WITNESS AT FORMER TRIAL. Where a witness has testified on a former trial of the case, and his testimony reduced to writing in open court by the stenographic reporter, and the witness is absent from the state, such testimony, if otherwise competent, is admissible in evidence; and an objection "that no sufficient cause has been shown for the reading of that testimony" is not an objection to the mode of certifying the same, and was properly overruled.

ERROR to the district court for Douglas county. Tried below before DOANE, J.

*A. J. Poppleton,* for plaintiff in error:

The court erred in refusing the instruction asked. (Dillon, Munic. Corp., sec. 1015; *Craig v. Sedalia,* 63 Mo., 417; *Brown v. Glasgow,* 57 Id., 157; Cooley, Torts, 745 and cases cited.) The court erred in admitting the testimony of Nels Christensen. (*Spielman v. Flynn,* 19 Neb., 346.)

*Connell & Ives, contra:*

The city is not relieved of its liability by virtue of its contract with Thompson, the contractor. (*Palmer v. Lincoln,* 5 Neb., 137; *Lincoln v. Walker,* 18 Id., 248; *McAllister v. Albany,* 23 Pac. Rep. [Ore.], 845.) No notice, either actual or constructive, of the dangerous condition of the street is required. (*City of Birmingham v. McCrary,* 4 S. Rep. [Ala.], 630; *Brusso v. Buffalo,* 90 N. Y., 679; *Hanniford v. Kansas,* 15 S. W. Rep. [Mo.], 753; *Springfield v. Le Claire,* 49 Ill., 476; *Chicago v. Johnson,* 53 Ill., 91.) There are three fatal objections to the consideration of the alleged error relating to Christensen's testimony: It was not pointed out during the trial. It was not even in

the most remote and general way embraced in the motion
for a new trial.    It is not assigned in the petition in error.
(*Dietrichs v. R. Co.*, 13 Neb., 48 ; *R. V. R. Co. v. Hayes*,
Id., 491 ; *Yates v. Kinney*, 25 Id., 122.)

MAXWELL, CH. J.

The defendant in error brought an action against the
city of Omaha to recover for personal injuries caused by
falling into an excavation in that city, which was negli-
gently left without guards or other protection.    The city
pleads two defenses : First, that the injury was caused by
the negligence of the party injured ; and, second, that the
sewer trench described in plaintiff's petition was at said
date being constructed under a contract made to the lowest
bidder as provided and required by the charter of the city
of Omaha in that regard, and under and by virtue of the
terms of said contract the contractor was to erect and main-
tain the necessary guards, signals, and protection on and
around said work, so as to prevent the danger of accidents
to travelers upon the street, and that under and by virtue
of the terms of said contract, the defendant, the city of
Omaha, had nothing whatever to do with the maintaining
of such guards, signals, and protections, and the defendant
further saith that it had no knowledge, directly or otherwise,
that the contractor was not maintaining the necessary and
proper guards, signals, or protection, and that the defend-
ant did not have notice that such signals, guards, or protec-
tions were not maintained by said contractor."    On the
trial of the cause the jury returned a verdict in favor of
Mrs. Jensen for the sum of $2,000, on which judgment
was rendered.

It is contended, first, that the city was not liable, for the
reason that the proof shows that it had expressly stipulated
with the contractor that he should place guards around the
excavation, and that it had no actual notice of his failure
to supply them, and that the danger had not existed a suf-

ficient length of time to charge the city with the implied notice. The attorney for the city thereupon requested the court to give the following instruction: "The jury are instructed that under the terms and conditions of the contract, introduced in evidence by the defendant, under which the sewer was being constructed, the city is not liable in damages to the plaintiff for the failure of the contractor to place or maintain guards or signals, unless you find from the evidence that the city, by and through its officers, had actual knowledge that guards or signals were not put up over the sewer as a warning to travelers on that part of the street. Whereas this sewer trench had been dug on the very day of the happening of the accident, you are instructed, as a matter of law, that the want of signals or guards upon that evening had not existed for a sufficient length of time to constitute constructive or presumptive notice to the city that the sewer was left unguarded and unprotected, so there could be no recovery in this case unless the plaintiff has proven that the city, through its proper officers, did have actual knowledge that the contractor had omitted to put up the proper signals or guards, and that after such knowledge had come to the officers or its proper agents, they had length of time to see that the same were put up before the accident happened. You are further instructed that the plaintiff does not claim to have introduced any evidence to prove that any officers of the city of Omaha had any actual knowledge that guards and signals were not put up by the sewer trench, you should therefore find for the defendant." This the court refused to give, to which exceptions were duly taken. In this there was no error. Where the injury is the result of the work itself, however skillfully performed, and not in the manner of performance, the city will be liable for an injury sustained by a party in the exercise of due care; in other words, where the obstruction or defect which occasioned the injury results directly from the acts which the contractor agrees or is authorized

to do, the person who causes the obstruction or defect will be liable. Thus, suppose the city caused a ditch to be dug across the street and the same should be left open and unguarded, the city cannot plead as a defense that the contractor agreed to keep guards around the excavation, because it cannot surrender its control of the streets so as to relieve it from liability. (*Palmer v. City of Lincoln*, 5 Neb., 136; *McAllister v. Albany*, 23 Pac. Rep. [Ore.], 845; *Storrs v. Utica*, 17 N. Y., 108; *Robbins v. Chicago*, 4 Wall. [U. S.], 679; *Circleville v. Neuding*, 41 O. St., 469.)

In the case last cited it is said: "The relation between the city and Barndt was clearly that of employer and independent contractor, and the rule is generally that for injuries occurring in the progress of work carried on by parties in that relation, the contractor alone is liable. But this liability is limited to those injuries which are collateral to the work to be performed and which arise from the negligence or wrongful act of the contractor or his agents or servants. Where, however, the work to be performed is necessarily dangerous, or the obligation rests upon the employer to keep the subject of the work in a safe condition the rule has no application. This distinction has been taken in this state in a number of cases: *Carman v. Railroad Co.*, 4 O. St., 399; *Tiffin v. McCormack*, 34 Id., 638; *Hughes v. Railway Co.*, 39 Id., 461; and elsewhere in *McCafferty v. Railroad Co.*, 61 N. Y., 178; *Prentiss v. Boston*, 112 Mass., 43; *City of Logansport v. Dick*, 70 Ind., 65; *Crawfordsville v. Smith*, 79 Id., 308; *Robbins v. Chicago*, 4 Wall. [U. S.], 657.

In this case the cistern contracted for was to be built in a street, and to be eighteen feet wide and twenty feet deep. Such an excavation in a street, unless protected to guard persons and animals using the street from falling into it, was necessarily dangerous. The city was under the statutory obligation at the time of the accident to keep its streets open, in repair, and free from nuisance, and it could not

cast this duty upon a contractor, so as to relieve itself from liability to one who should receive an injury. It is primarily liable for an injury resulting from such dangerous place in a street. No doubt a city may require a contractor to indemnify it against loss for damages caused by his negligence in the performance of the work, but that question is not before us.

Second—It is claimed the city is not liable, because it had no notice, either actual or constructive. In a case of this kind no notice is necessary. The city had authorized the excavation in question and it was its duty to see that the proper guards were placed around it.

Third—It is claimed that the court erred in admitting the testimony of Nels Christensen. It appears from the record that Christensen's testimony had been taken by the court's stenographic reporter on a former trial of this case. This testimony was objected to " for the reason that no sufficient cause has been shown for reading that testimony." The objections were overruled and the testimony admitted. In this it is claimed there is error, and we are referred to the case of *Spielman v. Flynn,* 19 Neb., 342. In that case it was held that a certified copy of the stenographic reporter's record of proceedings in the district court is admissible in all cases where the original would be. That, we think, is a correct statement of the law on that point. In the case at bar Christensen is shown to have been absent from the state, and his testimony on a former trial, if otherwise unobjectionable, is admissible. The objection is not to the mode of certifying the evidence. Had it been, as the stenographic reporter was present in court, no doubt he would have made the proper certificate. The objections were properly overruled. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.