CITY OF BEATRICE v. ANNA REID.

FILED JUNE 7, 1894.    No. 5441.

1. **Assignments of Error:** INSTRUCTIONS: REVIEW.    An assignment of error as to the giving *en masse* of certain instructions will be considered no further than to ascertain whether any one of such instructions was properly given. *Hiatt v. Kinkaid*, 40 Neb., 178, followed.

2. **Negligence.** If one attempts to pass over a place of danger, the law requires him to exercise caution commensurate with the obvious peril; but this means that the law only requires of the party to exercise ordinary care, the danger and his knowledge thereof considered.

3. **Municipal Corporations:** LIABILITY FOR NEGLIGENCE OF CONTRACTOR.    Where a municipal corporation is vested by law with authority to construct a public improvement and lets the building of such improvement to a contractor to be by him constructed in such manner as is prescribed by the corporation, such contractor becomes, by virtue of such contract, the agent of the corporation, and it will be liable for an injury resulting from the negligence of such contractor in the manner of the construction of such improvement.

4. ———: DUTY TO KEEP SIDEWALKS AND STREETS IN REPAIR.    A municipal corporation is charged by law with the duty of at all times keeping its streets and sidewalks in a reasonably safe condition for travel by the public.

5. ———: ———.    No municipal corporation, by any act of its own, can devolve this duty on another so as to relieve itself from a liability resulting from its failure to perform such duty.

6. ———: LIABILITY FOR NEGLIGENCE OF CONTRACTOR.    A municipal corporation, by contracting with another to construct an improvement for it, does not and cannot thereby abdicate its control over the streets or public grounds of such corporation, nor thereby exonerate itself from liability for an injury resulting from the negligence of such contractor in the manner of the performance of his contract.

7. ———: IMPROVEMENT OF STREETS: NOTICE OF DANGER.    If a municipal corporation rightfully causes an improvement to be constructed or other work to be done, whether by an independ-

ent contractor or otherwise, it is bound to take notice of the character of the work and its condition, whether safe or dangerous; and is bound to take notice of the condition, whether safe or dangerous, of its streets and grounds as affected by the prosecution or performance of such improvement or work.

8. ————: ————.   *City of Omaha v. Jensen*, 35 Neb., 68, followed and reaffirmed.

9. ————: LIABILITY FOR NEGLIGENCE OF CONTRACTOR: ESTOPPEL.   The legal basis of the liability of a municipal corporation for an injury sustained by the negligence of an independent contractor constructing a public improvement for such corporation examined, and declared to be not necessarily based upon the doctrine of *respondeat superior*, but upon the doctrine that a municipal corporation, charged by law with the performance of a public duty, when sued for an injury for its failure to perform such duty, is estopped from alleging that it had delegated the performance of such duty to another, or had by contract exempted itself from liability for such injury resulting from its failure to perform such duty.

ERROR from the district court of Gage county.   Tried below before APPELGET, J.

*George A. Murphy* and *W. C. Le Hane,* for plaintiff in error.

*L. M. Pemberton, contra.*

RAGAN, C:

Mrs. Anna Reid sued the city of Beatrice in the district court of Gage county for damages for an injury which she alleged she sustained through the negligence of the agents of said city.   She had a verdict and judgment and the city brings the case here for review.

The testimony on behalf of Mrs. Reid, briefly stated, tends to establish the following facts: That in the year 1890 the city of Beatrice was a city of the second class, having more than five thousand inhabitants; that in said year it entered into a contract with one McMahon, in and by which he was to build, and did build, for said city a

sanitary sewer; that in the construction of this sewer, and for the purpose of settling the loose dirt thrown back into the sewer ditch, McMahon attached a gas or water pipe, some two and one-half inches in diameter, to a hydrant, and so laid the pipe as to have it discharge water in the sewer ditch; that said pipe crossed diagonally a public sidewalk on a public street of said city; that no guards, lights, or signals of any kind were erected so as to indicate to passers-by the presence of such pipe on said sidewalk; that in the night-time of the 10th of August, 1890, Mrs. Reid was walking on said sidewalk returning from a lecture; that she was not aware of the existence of said water pipe across the sidewalk, and in passing along she struck her foot or toe against said pipe, or her foot caught under said pipe, causing her to fall, and from which fall she received severe injuries; Mrs. Reid at this time was a large, fleshy lady weighing 240 pounds; that at the time of the trial, in June, 1891, her weight was reduced to 172 pounds; that she underwent severe suffering, caused by said fall, was put to expense for medicines and physicians, and her health was permanently impaired; that she earned her living by sewing, and had a family of two daughters depending upon her for support. On behalf of the city the testimony tends to show that it had no notice of the situation of the placing of the water pipe by McMahon across the sidewalk; that there were signal lights on the sewer ditch in the alley near by the point where the water pipe crossed the sidewalk; that just across the street from the water pipe was a high school building on which was erected an electric light some fifty feet from the ground; that these lights were sufficient to apprise a person in the exercise of ordinary care of the existence of the water pipe on the sidewalk; that Mrs. Reid was not permanently injured; that the condition of her health at the time of the trial was not the result of the fall on the sidewalk. There is no dispute in the record but that McMahon was constructing a sewer

for the city, and in accordance with a contract let to him for that purpose, and that the placing of the water pipe across the sidewalk for the running of water into the sewer ditch was a necessary and proper act in the performance of his contract.

1. The first error assigned here by the city is: "The court erred in giving paragraphs of instructions Nos. 1, 2, 3, 4, and 5 asked for by the defendant in error." In *Hiatt. v. Kinkaid*, 40 Neb., 178, it is said: "An assignment of error as to the giving *en masse* of certain instructions will be considered no further than to ascertain that any one of such instructions was properly given." Some of the instructions of which complaint is made stated the law correctly, and since they were not all erroneous, the error assigned cannot be sustained.

2. The second assignment of error is the refusal of the court to give to the jury an instruction asked by the city and numbered 8, as follows: " If the jury believed from the evidence that the place where the accident in question occurred was necessarily more dangerous than the ordinary streets and sidewalks, and that by the exercise of ordinary care and prudence this condition of things could have been known to the plaintiff or was known to her, then the plaintiff was required to use more than ordinary care and caution to avoid the accident, and if she failed to do so and thereby contributed to the injury she cannot recover in this suit." This instruction was properly refused for the reasons: First—That there is no evidence in the record that Mrs. Reid knew of the presence of this water pipe on the sidewalk prior to the time she fell over it. Second—That the only degree of care that the law imposed upon Mrs. Reid was ordinary care. Had she been aware of the presence of the water pipe on the sidewalk the law would have required of her to exercise the caution of a reasonable and prudent person in passing over it, but that requirement would have amounted only to the exercise of ordinary care.

If one attempts to pass over a place of danger, the law requires him to exercise caution commensurate with the obvious peril; but in doing so the care exercised would be only ordinary care, the danger and his knowledge thereof considered.

3. The third and fourth errors assigned are that the court erred in giving an instruction No. 3 asked for by the city as requested; and in modifying the instruction and giving it as modified. We cannot review this error, if it was an error, for the reason that no exception was taken to the modification of the instruction by the trial court, nor did the city except to the giving of the instruction when modified. ·

4. The fifth error assigned is that the court erred in giving paragraphs of instructions Nos. 1, 2, 3, 4, 5, 6, and 7 of the instructions given on the court's own motion. We have examined these instructions and find that some of them were correct and should have been given, and, following the rule laid down in *Hiatt v. Kinkaid, supra,* and cases there cited, we have gone no farther.

5. The sixth, seventh, and eighth assignments of error may be considered together. They are that the verdict is not sustained by sufficient evidence; that the amount of damages awarded by the jury to Mrs. Reid is excessive, and that the verdict and judgment are contrary to the law of the case. The amount of the judgment was $1,500, and it must suffice to say that we think the evidence warrants that amount in the case. We cannot quote the testimony further than has already been done, but it supports the finding of the jury that Mrs. Reid was injured, as alleged in her petition, through the negligence of the contractor of the city in placing and leaving the water pipe across the sidewalk without guards or signals. The argument of the counsel for the city, however, is that as the work of constructing the sewer was being done by an independent contractor, he alone, and not the city, is liable for Mrs.

City of Beatrice v. Reid.

Reid's injuries, and that, therefore, the verdict and judgment is contrary to the law of the case. Is it the law that the doctrine of *respondeat superior* does not apply to a case of this kind?

In *City of Detroit v. Corey*, 9 Mich., 165, the city of Detroit had let to some contractors a contract for constructing for said city a sewer. The contractors had dug a ditch and left it open and unprotected by either guards or lights, and Corey's wife fell into this ditch and was injured and sued the city therefor. The city defended on the ground that the contractors, and not the city, were liable for the injury to Mrs. Corey, as the sewer was being constructed by the contractors under a contract with the city when the accident occurred. The supreme court of Michigan, in answering and overruling this argument, said: "When the relation of principal and agent, or master and servant, exists the rule of *respondeat superior* is applicable, but not when the relation is that of contractor only. In all ordinary transactions the relation of contractor excludes that of principal and agent, or master and servant; but there is not necessarily such a repugnance between them that they cannot exist together. The difference between them is that a contractor acts in his own right and for himself, whereas an agent or servant acts for and in the name of another. In the case before us both relations exist, and must necessarily exist from the peculiar character and circumstances of the case. The contractors not only acted for themselves, but at the same time as agents for the city, under the power given it to construct sewers in its streets, which are public highways. They had no right to make the excavation they did except as agents for the city, and had they been proceeded against by indictment for creating a public nuisance, they could not have justified in their own right, but would have had to justify as agents of the city under their contract. It is also to be observed that the power under which they acted and which made that lawful which

would otherwise have been unlawful was not a power given to the city for governmental purposes, or a municipal duty imposed upon the city as to keep its streets in repair or the like, but a special legislative grant to the city for private purposes. The sewers of the city, like its works for supplying the city with water, are the private property of the city; they belong to the city. The corporation and its corporators, the citizens, are alone interested in them; the outside public or people of the state at large have no interest in them as they have in the streets of the city, which are public highways. The donee of such a power, whether the donee be an individual or a corporation, takes it with the understanding—for such are the requirements of the law in the execution of the power—that it shall be so executed as not unnecessarily to interfere with the rights of the public, and that all needful and proper measures will be taken in the execution of it to guard against accidents to persons lawfully using the highway at the time. He is individually bound for the performance of these obligations. He cannot accept the power divested of them or rid himself of their performance by executing it through a third person as his agent. He may stipulate with the contractor for their performance, as was done by the city in the present case, but he cannot thereby relieve himself of his personal liability or compel an injured party to look to his agent instead of himself for damages."

The *City of Springfield v. Le Claire*, 49 Ill., 476, was an action brought by Le Claire against the city of Springfield for damages sustained by him in falling into a sewer being constructed in said city by contractors in pursuance of a contract between the city and the contractors. The defense interposed by the city was that the contractors alone were liable. The court said: "The question is, was there a duty resting upon the city growing out of the franchises conferred upon it to keep its public streets in a safe condition for the passage of travelers and others having occasion to

City of Beatrice v. Reid.

use them? * * * Admitting that the power to construct sewers is discretionary as to the time of its exercise, yet when exercised it must be in such a manner as not to expose others to injury. A corporation, like individuals, is required to exercise its rights and powers and with such precautions as shall not subject others to injury."

The first and second paragraphs of the syllabus are as follows:

" 1. Where the duty is imposed by law upon a municipal corporation to keep its streets in a safe condition for use by the public, an action will lie against it for damages arising from a neglect of such duty.

" 2. And in such case, the duty being imposed upon the corporation, it cannot| be shifted to a person who had been employed to perform it; and if an injury results from neglect of such duty, the corporation must be held liable for the damage."

The *Village of Jefferson v. Chapman,* 127 Ill., 438, was a suit brought by Chapman against the village for damages for injuries he alleged he had sustained by a fall upon a cross-walk or apron over a ditch at the intersection of two streets in the village. On the trial to the jury in the circuit court the village offered to prove that it had made a contract with one Goven for the grading of its streets; that the contractor acting under the contract proceeded with the work, and in the prosecution thereof removed the apron over the ditch where the accident occurred, and that the village retained by the contract no control or supervision over the work. This evidence the trial court excluded and its ruling was assigned as error. The supreme court of Illinois said: "There was one essential element wanting [in the offer] in that there was no intimation of a purpose or desire to prove that the work contracted for was not of itself dangerous or would not necessarily render the street defective or unsafe or dangerous for travel, or that the removal of the apron which

formed a part of the cross-walk over the ditch was not a necessary incident to the doing of the work contracted for. The general rule is that the principal of *respondeat superior* does not extend to cases of independent contracts, where the party for whom the work is to be done is not the immediate superior of those guilty of the wrongful act and has no choice in the selection of workmen and no control over the manner of doing the work under the contract. But there are exceptions to this general rule. One of these exceptions is where the contract directly requires the performance of a work which, however skillfully done, will be intrinsically dangerous. * * * Another exception to the general rule * * * is where the party causing the work to be done is under a primary obligation imposed by law to keep the subject-matter of the work in a safe condition. The principle upon which this exception is predicated as that where a duty is so imposed, the responsibility for its faithful performance cannot be avoided, and that the party under such obligation cannot be relieved therefrom by a contract made with another for the performance of such duty."

In *Circleville v. Neuding*, 41 O. St., 465, the action was brought against the city to recover the value of a horse which was killed by falling into an unguarded cistern being constructed in the streets by a contractor for the city. McCauley, J., speaking for the supreme court of Ohio, and delivering the opinion, said: "It is contended on behalf of the city that it is not liable for the loss of the horse because the cistern was in process of construction by an independent contractor when the injury occurred. The relation between the city and Barndt was clearly that of employer and independent contractor, and the rule is generally that for injuries occurring in the progress of work carried on by parties in that relation, the contractor alone is liable; but this liability is limited to those injuries which are collateral to the work to be performed and which arise

from the negligence or wrongful act of the contractor or
his agents or servants.    Where, however, the work to be
performed is necessarily dangerous, or the obligation rests
upon the employer to keep the subject of the work in a
safe condition, the rule has no application.    *    *    *    In
this case the cistern contracted for was to be built in a
street.    *    *    *    The city was under the statutory obliga-
tion at the time of the accident to keep its streets open, in
repair, and free from nuisance, and it could not cast this
duty upon the contractor so as to relieve itself from liabil-
ity to one who should receive an injury.    It is primarily
liable for an injury resulting from such dangerous place in
a street.    If it has required the contractor to assume the
risk of such damage, it may have a remedy against him;
but the public, in the use of the streets, may rely upon the
legal obligation of the city to keep them free from danger-
ous places, or if such places become necessary to be made
in the course of an improvement or work necessary or
proper for the city to do, that it shall so guard them that
no injury shall result in the ordinary use of the street."
(See, also, *Harper v. City of Milwaukee*, 30 Wis., 365;
*Robbins v. City of Chicago*, 4 Wall. [U. S.], 657; *Palmer
v. City of Lincoln*, 5 Neb., 136; *City of Lincoln v. Walker*,
18 Neb., 244.)

The point under consideration was before this court in
the *City of Omaha v. Jensen*, 35 Neb., 68, and there de-
cided adversely to the contention of the plaintiff in error
here.    In that case Jensen sued the city for damages for
an injury which he had sustained by falling into an un-
guarded sewer being constructed at the time for the city by
some contractors.    The defense of the city was that it was
not liable, because the sewer was being constructed under a
contract made by it with the contractors for the construc-
tion of such sewer.    This defense was overruled by the
district court and the city brought the case here, alleging as
error the refusal of the district court to sustain its defense.

This court sustained the ruling of the district court. The opinion was written by MAXWELL, the then chief justice, and in the first point of the syllabus it was said: "Where an excavation is made in a public street under contract with the city authorities, such city cannot shift the responsibility for keeping its streets in a safe condition onto a contractor and thus relieve itself from liability for neglect to erect proper barriers to prevent accidents by falling into such excavation." Because of the earnest insistence of counsel for the city of Beatrice, that the district court was wrong in holding that the city was liable for an injury to Mrs. Reid under the evidence in the case, we have re-examined the point decided in *City of Omaha v. Jensen, supra,* and find that the conclusion reached therein is abundantly supported by the authorities. We have no desire whatever to modify the rule established by that case in any particular, but adhere to it and reaffirm it.

The cases cited and quoted from above establish the following propositions:

First—That where a municipal corporation is vested by law with authority to construct a public improvement and lets the building of such improvement to a contractor to be by him constructed in such manner as is prescribed by the corporation, such contractor becomes, by virtue of such contract, the agent of the corporation, and it will be liable for an injury resulting from the negligence of such contractor in the manner of the construction of such improvement.

Second—That a municipal corporation is charged by law with the duty of at all times keeping its streets and sidewalks in a reasonably safe condition for travel by the public.

Third—That no municipal corporation, by any act of its own, can devolve this duty on another so as to relieve itself from liability for an injury resulting from its failure to perform this duty.

Fourth—That a municipal corporation, by contracting with another to construct an improvement for it, does not and cannot thereby abdicate its control over the streets or public grounds of such corporation, nor thereby exonerate itself from liability for an injury resulting from the negligence of such contractor in the manner of the performance of his contract.

Fifth—That if a municipal corporation rightfully causes an improvement to be constructed or other work to be done, whether by an independent contractor or otherwise, it is bound to take notice of the character of the work and its condition, whether safe or dangerous, and is bound to take notice of the condition, whether safe or dangerous, of its streets and grounds as affected by the prosecution or performance of such improvement or work.

All that is said in the cases cited above is applicable to the case at bar. In this state, cities of the second class having more than five thousand inhabitants are by the law declared to be public corporations. As such corporations they are invested with certain powers and privileges. They may open and lay out streets, establish parks, build water-works, own and operate gas and electric light plants. They may pave and curb streets and establish sewers. To defray the expenses of such improvements they may compel the inhabitants and property in their limits to contribute annually a portion of their property as taxes, and they may compel the male citizens to perform annually at least two days' labor upon the streets, or, in lieu thereof, pay a certain sum of money. Corresponding to these powers and privileges the municipal corporations of this state are, by law, charged with the performance of certain public functions and duties; among these functions and duties is that of at all times keeping their streets and sidewalks, which are a part of the streets, in a reasonably safe condition for the traveling public. This duty a municipal corporation cannot delegate to an-

other, nor can it abdicate this public function or devolve its performance upon another, whether a contractor or not. To decide, and correctly decide, the case at bar it is not necessary to invoke the doctrine of *respondeat superior*, or any exception to that doctrine. The point can be correctly decided upon the doctrine that a corporation, charged by law with the performance of a public duty, when sued for an injury resulting from its failure to perform such duty, is estopped from saying that it had delegated to another the performance of such duty; or that it had by contract exempted itself from liability for an injury resulting from its failure to perform such public duty. The city of Beatrice could not devolve upon its contractors the duty of keeping its streets in a safe condition. That was a duty that the law compelled the city to perform, and since it is a corporation and can only act through agents, if it committed to any one, whether a contractor or an ordinary employe, the duty of keeping in a safe condition its streets and sidewalks, the acts and omissions of such employe or such contractor in the premises were the acts and omissions of the city. By committing this duty to a contractor the city did not abdicate its public functions, and it was bound to know the character of the work being performed by the contractor and the condition of its streets and sidewalks as affected by the performance of such work. The judgment of the district court is

ALFIRMED.