MRS. C. B. PACE, Appellee, v. CITY OF WEBSTER CITY, Appellant.

138   107
144   691

**Municipal corporations:** NEGLIGENCE: NOTICE: PLEADINGS. An allegation that defendant city well knew of the unsafe and dangerous condition of a sidewalk at the time of plaintiff's injury, is sufficient to permit proof of actual or constructive notice of the condition of the walk.

**Pleadings:** AMENDMENT. An amendment offered after the evidence is all in to obviate a supposed variance between the pleadings and the proof is permissible, where there is no showing of resulting prejudice to the opposite party.

**Defective streets:** LIABILITY OF CITY. It is the statutory duty of the city to keep its streets in repair and free from nuisance; and it is liable for an injury caused by the unsafe condition of a walk, no matter who creates the dangerous condition.

**Same:** CONSTRUCTIVE NOTICE. The existence of a dangerous condition in a sidewalk in the business part of a city for the space of two days, is sufficient time to charge the city with constructive notice of the danger to pedestrians.

**Findings of fact:** REVIEW. Where there is sufficient evidence to take an issue to the jury its finding is conclusive.

**New trial:** NEWLY DISCOVERED EVIDENCE. A motion for new trial was
6   properly denied where the newly discovered evidence consisted of
an occurrence, which if true, would have discredited plaintiff's tes-
timony in a certain respect, and the occurrence, in resistance of the
motion, was denied.

*Appeal from Hamilton District Court.*— HON. J. H. RICH-
ARD, Judge.

TUESDAY, APRIL 7, 1908.

ACTION at law to recover damages for a personal in-
jury. On trial the plaintiff had a verdict and judgment, and
the defendant appeals.— *Affirmed.*

*Geo. F. Tucker,* and *Wesley Martin,* for appellant.

*J. W. Lee, D. C. Chase* and *Rube McFerren,* for ap-
pellee:

BISHOP, J.— As plaintiff was walking along a business
street of the defendant city on the evening of November 5,
1904, she was injured by falling into a ditch or excavation
which extended across the sidewalk space. It seems that the
ditch had been dug for the purpose of laying a water pipe
to connect the adjoining building with the water main in the
street, and to the extent necessary the sidewalk had been
temporarily removed. Plaintiff alleges due care on her own
part, and negligence on the part of the defendant. In re-
spect to the latter it is charged that said ditch was obviously
dangerous and unsafe as to persons passing along the side-
walk at night, notwithstanding which it was left unguarded
and unprotected; and it is the allegation of the petition as
originally filed " that the said defendant city well knew
of the dangerous and unsafe condition of said ditch or ex-
cavation at the time of said injury to plaintiff." The de-
fendant, in answer, admits the existence of the ditch, but
insists that the same was properly barricaded and lighted by
lanterns and street lamps. The other allegations of the peti-

tion are denied. As an affirmative defense it is alleged that " the ditch was excavated and controlled by an independent contractor working for the firm of Baker & Dodge (whose building was being connected with the street water main), and that defendant retained no controlling power whatever regarding said ditch." During the course of the trial plaintiff, by leave of court, amended her petition to include the allegation " that the city had both constructive and actual notice of said ditch for a sufficient length of time to enable the city to repair the same; that the defect was notorious, and the city neglected to use ordinary care in protecting and caring for said ditch."

I. The amendment to the petition was filed after the close of the evidence, and, as shown by a statement of the court included in the record, it came about in this way:

1. MUNICIPAL CORPORATIONS: negligence: notice: pleadings. The court, on inspecting the pleadings for the purpose, of preparing instructions to be given the jury, conceived that " there was no allegation of constructive notice in the petition, or of any notice sufficient to warrant the sending of the case to the jury." The attention of counsel on both sides of the case was called to this, whereupon the plaintiff asked leave to amend, and, over the objection of defendant, leave was granted. We are asked to say that here was reversible error. Such conclusion is not warranted on our view of the situation. In the first place, and especially in the absence of any call for a more specific statement, we think the allegation of the original petition that the city " well knew of the dangerous condition " was sufficient. Under such allegation it was proper to make proof either that the condition had actually been brought home to the knowledge of the city officials, or that it had existed for such a length of time as that actual knowledge might well be presumed therefrom. The requirement that knowledge of the condition must be brought home to the city is met by the one form of proof as well as the other, and, proof being made in either form, it might well be said

that the city "well knew of the condition." *Hunt v. Dubuque,* 96 Iowa, 314.

But, aside from this, there was no error in permitting the amendment. The trial had proceeded to the arguments of counsel without objection being raised that a case was not stated in the petition, and the amendment was asked to make the pleading conform to the evidence. It is the rule in this State to allow amendments in furtherance of justice. Code, section 3600, and cases cited thereunder. Accordingly, an amendment offered after the evidence is all in which does not involve a change of front, but is designed to obviate a supposed variance between the pleading and proof, and, as here, the opposite party makes no showing that he has been misled to his prejudice, should be allowed.

2. PLEADINGS: amendment.

II. The evidence made it appear that the water main in the street was a part of the city system. The ditch was dug, however, by persons in the employ of Baker & Dodge, and, as far as appears, the city had no active part therein. Evidently having in mind the allegation of the answer, the court instructed the jury in the fifth paragraph of the charge, in substance, that the fact that the excavation "was placed there or made there by an independent contractor" was in itself immaterial; that it was the duty of the city having notice of an excavation involving danger to a traveler on the street to safeguard the same no matter who in fact created the danger. It is said that here was error, and *Bennett v. Mt. Vernon,* 124 Iowa, 537, is relied upon to support the contention. There the case made was of an injury to property caused by flooding a cellar, and this grew out of the removal of some tile by an independent contractor while making an improvement in the street. The rule of that case has no application here. For the benefit of every traveler the statute enjoins upon the city the positive duty to keep its streets in repair and free from nuisance. Code, section 753. And it mat-

3. DEFECTIVE STREETS: liability of city.

ters not who, in fact, creates the dangerous condition, the duty and responsibility of the city remains. *Rowell v. Williams,* 29 Iowa, 210. As was said by Deemer, C. J., in the *Bennett* case: " If the matter involved was one of positive duty to the plaintiff, then, of course, the town could not relieve itself by delegating the work to an independent contractor; or if the work was intrinsically dangerous, or, when properly done, was likely to create a nuisance, the town would be responsible for any damage resulting therefrom." See, also, *Keyes v. Cedar Falls,* 107 Iowa, 509; *Parmenter v. Marion,* 113 Iowa, 297.

III. At the close of the evidence the defendant moved for an instructed verdict on the grounds that the evidence did not warrant a finding against it for negligence, and that

4. SAME: constructive notice.

plaintiff had not established her freedom from negligence. The like points were made in the motion for new trial. The action of the court in overruling such motions is assigned as error. We think there was no error. The accident occurred in the evening between seven and eight o'clock. Work on the ditch commenced the day before, and continued through the day of the accident. The place was in the business district of the city, and that it presented a condition of danger, if not properly safeguarded, must have been apparent even to the most casual observer. Now, as the ditch or excavation was not of the creation of the city acting directly in the premises, necessary to a charge of negligence against it was proof of notice, actual or constructive. The court instructed the jury that actual notice had not been proven. In saying this, the testimony of W. H. Cuningham was evidently overlooked. He testified that at the time in question he was street commissioner of the defendant city; that he passed along the street in front of the Baker & Dodge building on the evening of November 5th, before the accident to plaintiff, and observed the excavation. " I knew there was a ditch there in the sidewalk." As the erroneous view thus

taken by the court was to the advantage of defendant, it could not well, and it does not, complain thereof. But, confining ourselves to the case as it was submitted to the jury for a verdict, we think a finding for constructive notice was clearly warranted. Considering the length of time the work had been in progress, and the character and place thereof, it would be out of all reason to say that a sufficient time had not elapsed within which the city in the exercise of reasonable care for the safety of the traveling public should have discovered what was going on. *Carrington v. St. Louis,* 89 Mo. 208 (1 S. W. 240, 58 Am. Rep. 108) ; *Parsons v. Manchester,* 67 N. H. 163 (27 Atl. 88) ; *Stone v. Charlestown,* 114 Mass. 214.

On the question whether the excavation was barricaded and lighted there was much conflict in the evidence. It is not for us to determine where lay the preponderance. There **5. FINDINGS OF FACT: review.** was sufficient to warrant a submission to the jury, and the finding thereof is conclusive. In this view, we need not discuss what might have been the situation had the proof showed a proper barricade and lighting at the time the men quit work, and thereafter and before the accident such safeguards were removed by some person other than an official of the city. Our reading satisfies us that a finding in favor of due care on the part of plaintiff had ample warrant in the evidence. We need not enter upon a detailed discussion.

IV. One ground of the motion for new trial was newly discovered evidence. In support thereof was presented an affidavit in which was stated as a fact an occurrence, **6. NEW TRIAL: newly discovered evidence.** which, if true, might have detracted from the value of plaintiff's testimony in a certain respect. Plaintiff in an affidavit denied the occurrence. In this situation the court did not err in overruling the motion. Other errors are relied upon. For the most part, they are purely technical, and we find nothing that should be given effect to reverse the judgment.— *Affirmed.*