LEAH J. PROWELL, v. CITY OF WATERLOO, Appellant.

**Municipal corporations:** STREET IMPROVEMENT: NEGLIGENCE: LIABILITY FOR ACTS OF INDEPENDENT CONTRACTORS.  While a municipal corporation may not be liable for the negligence of an independent contractor, consisting of some fault or omission wholly collateral to the work being done for the city and not necessarily involved in it; still, the duty of the city to maintain its streets in a safe condition can not be delegated so as to relieve the city from liability for failure to perform this duty:  Thus, where an independent contractor engaged in constructing a cement walk over a park-way to the curb placed stones around it and a wire about two feet high over the walk, but neglected to place any warning lights thereat, and plaintiff after dark ran into the wire and was injured; *Held,* that the city was liable under its duty to keep the walk in a safe condition by the use of warning lights at the place of danger, which could not be delegated; and the fact that the walk would not have been dangerous except for the wire would not relieve the city from liability, since it was bound to know that barriers of some character are a usual precaution to avoid walking over fresh cement.

**Same:** NOTICE TO CITY OF DANGER.  Where a city directs the construction of a sidewalk, necessarily involving the erection of temporary barriers of some kind, it is its duty to see that danger to pedestrians using that way after dark is prevented by proper warning lights; and it is not necessary for one injured by the barrier to show that the city had notice that the walk at that place was in a dangerous condition.

**Personal injuries:** DAMAGES: EXCESSIVE VERDICT.  Where a strong, active woman was injured by reason of a barrier erected to protect a newly constructed cement walk, and for eighteen months

prior to the trial was helpless and suffered several attacks of prostration which would seem to endanger life, and suffered great pain, an award of $2,000 damages was not excessive; although the jury was not authorized to allow anything for permanent injury, future pain and suffering, medical attendance or loss of earnings.

*Appeal from Black Hawk District Court.*—HON. FRANKLIN C. PLATT, Judge.

TUESDAY, NOVEMBER 23, 1909.

ACTION to recover damages for personal injuries received by plaintiff while passing along a sidewalk in the defendant city, which by the negligence of defendant was in a dangerous condition. There was a verdict for plaintiff, and from judgment on such verdict defendant appeals. *Affirmed.*

*B. F. Swisher* and *J. E. Williams,* for appellant.

*Boies & Law,* for appellee.

McCLAIN, J.—By reason of the extension of the parking along a paved street in defendant city it became necessary to construct extensions of cement walks at street intersections from the sidewalk to the new curb line, and this the defendant undertook to do by employing one Faus as a contractor to furnish the material and to do the work required for constructing of cement such extensions of the walks. At the place where the accident happened which resulted in plaintiff's injury the contractor, having constructed the cement extension of the walk to the curb line, surrounded it by stones and by a wire, supported about two feet from the ground, to keep passers from going upon the cement and injuring it while it was hardening. Plaintiff, a passer after dark along the sidewalk thus extended,

not seeing the wire, ran against it, and was caused to fall, receiving the injuries complained of.   No warning lights had been put out to enable passers to see the danger.

I.   It is contended for appellant that under the evidence which shows Faus to be an independent contractor it was error in the court to refuse to direct a verdict for the defendant.   It may be conceded that even a municipal corporation is not liable for the negligence of an independent contractor in carrying on the work, if such negligence consists in some fault or omission wholly collateral to the performance of the work to be done, and not necessarily involved in doing it.   Thus, as argued for defendant, the negligence of the contractor in the use of dynamite or other blasting material (*Herrington v. Lansingburgh,* 110 N. Y. 145, 17 N. E. 728, 6 Am. St. Rep. 348; *Uppington v. New York City,* 165 N. Y., 222 (59 N. E. 91, 53 L. R. A. 550), or in piling lumber in the street (*Evansville v. Senhenn,* 151 Ind. 42 (47 N. E. 634, 51 N. E. 88, 41 L. R. A. 728, 68 Am. St. Rep. 218), would not render the city liable for resulting injury, although the contractor was employed in performing work on the streets.   But on the other hand, the duty of the city to maintain its streets in a safe condition can not be delegated to an independent contractor so as to relieve the city from liability for failure to perform this duty.   *Bennett v. Mt. Vernon,* 124 Iowa, 537; *Pace v. Webster City,* 138 Iowa, 107; *Denver v. Rhodes,* 9 Colo. 554 (13 Pac. 729); *Beatrice v. Reid,* 41 Neb. 214 (59 N. W. 770); *Omaha v. Jensen,* 35 Neb. 68 (52 N. W. 833, 37 Am. St. Rep. 432); *Park v. Commissioners,* 3 Ind. App. 536 (30 N. E. 147); *McAllister v. Albany,* 18 Or. 426 (23 Pac. 845); *St. Paul v. Seitz,* 3 Minn. 297 (Gil. 205, 74 Am. Dec. 753).

We think the erection of barriers in the sidewalk involving danger to passers at night, unless warning lights

1. MUNICIPAL CORPORATIONS: street improvements: negligence: liability for acts of independent contractors.

are put out, is necessarily incident to the reasonable and proper performance of the work of constructing a cement sidewalk, and is not a purely collateral matter as to which the city may rely upon an independent contractor. To construct such a sidewalk involves an obstruction to travel, constituting an actionable nuisance if the proper precautions to avoid injury are not taken. The duty of the city to keep its streets in a reasonably safe condition can not be avoided by turning over to an independent contractor the work of constructing such walk. It is argued that without barriers the freshly constructed walk would not have been dangerous, the only consequence likely to result being that passers without knowledge of the condition of the walk would damage it by going over it while in that condition; but, as we think, the city was bound to know that the usual precautions to avoid damage to such walk by passers would be taken by constructing some kind of barriers, and it was the duty of the city to see that these barriers, as constructed, did not constitute a menace to the safety of persons who, in the exercise of reasonable care, were attempting to go along its walks.

II. In an instruction the jurors were told that it was not necessary for plaintiff to prove that the defendant city had notice that the sidewalk at the point of the alleged accident was in a dangerous condition. In view of the preceding discussion it is enough to say that there was no error in this instruction with reference to the facts of the case. The city through its proper officer directed the construction of the work, and that construction necessarily involved the erection of temporary barriers of some kind which would obstruct the use of the sidewalk. It was the duty of the city, therefore, to see that danger to passers should be prevented by proper warning lights. *Brusso v. Buffalo,* 90 N. Y. 679; *Omaha v. Jensen,* 35 Neb. 68 (52 N. W. 833, 37 Am. St. Rep. 432); *Beatrice v. Reid,* 41 Neb.

2. SAME: notice to city of danger.

214 (59 N. W. 770); *Jefferson v. Chapman,* 127 Ill. 438 (20 N. E. 33, 11 Am. St. Rep. 136).

III.   It is made a ground of motion for a new trial that the verdict for $2,000 damages was excessive, and showed such passion and prejudice on the part of the jury

**3. PERSONAL IN-JURIES: dam-ages: exces-sive verdict.**

that the verdict should be set aside.   The court directed the jury not to allow anything for permanent injuries, or for future pain and suffering, or for medical attendance, or for loss of earnings, for the reason that there was no evidence tending to show such elements of damage, and the jurors were therefore confined to a consideration of the physical disability and the pain and suffering of the plaintiff during the time intervening between the accident and the trial, which was about eighteen months.   It appears, however, that during that time plaintiff, who was previously a strong and active woman, was rendered quite helpless; that she suffered several attacks of prostration which seemed to imperil her life, and that her pain and suffering were great. So much is left to the discretion of the jury in the matter of compensatory damages for pain and suffering and impairment of health and physical vigor that we do not feel justified in interfering with the verdict.   The judgment is *affirmed.*