## O'Laughlin v. The City of Dubuque.

1. **Negligence:** STREET CROSSING: DUTY OF FOOT PASSENGER. Sidewalks and street crossings are constructed for the use and convenience of foot passengers, but if these happen to be obstructed or to be in such a dangerous condition as to deter an ordinarily prudent man from using them, then one may walk elsewhere. If he does so, however, without sufficient reason, and is injured, his injury cannot be imputed to the negligence of the city.

*Appeal from Dubuque Circuit Court.*

FRIDAY, MARCH 24.

THIS action is brought to recover damages caused the plaintiff by reason of his slipping and falling down, owing to the negligence of the defendant in not having the sidewalk cleared from accumulations of ice and snow. Defendant appeals, and assigns as error the giving and refusing to give certain instructions.

*D. E. Lyon* and *E. McCeney*, for appellant.

The giving of an instruction based upon an assumption not sustained by the evidence is erroneous. (*Byington v. McCadden*, 34 Iowa, 216; *Rindskoff Bros. v. Curran*, Id., 326; *Dolan v. Jean*, 35 Id., 413; *Allender v. C., R. I. & P. R. Co.*, 37 Id., 264.) When a traveler knows of an obstruction in the public street, of such a nature that men of ordinary prudence would not attempt to pass it, he cannot try the experiment at the risk of the public. (*Hubbard v. Concord*, 35 N. H., 52; *Horton v. Ipswich*, 12 Cush., 488. If instructions asked are correct in law and pertinent to the testimony, they should be given regardless of the amount or weight of the testimony to which they apply. (*State v. Gibbons*, 13 Iowa, 117; *DeCamp v. M. & M. R. Co.*, 12 Id., 348.) A new trial should be granted where the instructions are so confused that it is evident the jury were misled by them. (*Eyser v. Weissgerber*, 2 Iowa, 463.)

*H. B. Fouke* and *W. J. Knight*, for appellee.

Seevers, Ch. J.—The plaintiff was somewhat hastily cross-ing the street in a diagonal direction, and slipped and fell just as he reached the sidewalk. The evidence was conflicting whether the accident was caused by ice on the sidewalk or in the gutter, and there was evidence tending to show that the plaintiff slipped before he reached the sidewalk, and that he had knowledge of the state and condition of the street and sidewalk at the point where he attempted to cross. There was no evidence tending to show that the cross-walk was in bad condition; for aught that appears it at least was perfectly safe and free from ice or accumulations of snow. In the eleventh paragraph of the instructions in chief the court said to the jury: "While sidewalks are provided for the exclusive use and accommodation of foot travelers, and cross-walks are provided for the convenience of such foot travelers to cross from one side of the street to the other, such travelers will not be compelled to use such cross-walks, but if it was neces-sary for such foot travelers in order to avoid an obstruction on the cross-walk or an apparent danger, if such traveler ex-ercised ordinary care and prudence he would be privileged to do so, and if he should meet with an accident and sustain damages, the city would be liable, if negligence is shown on its part, in keeping such street in such repair as to be safe, but if, for his own convenience, he should without cause or reason, avoid the way provided for crossing, and by reason of such act on his part, he sustained damages, you cannot allow him therefor, if you find he was guilty of negligence and want of exercise of ordinary care." We incline strongly to the belief that there was not, under the evidence, any reason whatever shown for crossing the street at any other place than that provided for the purpose. There was certainly no strong and convincing reason, and, under the circumstances, the plain-tiff knowing the condition of the street, we incline to think he unnecessarily took the chances and cannot now complain. But be this as it may, we think the court erred in basing the

right to cross the street where the plaintiff did on the ground that he might do so in " order to avoid an obstruction on the cross-walk or an apparent danger " when there was no evidence tending to show there was any such obstruction or other apparent danger. It was a material and important element in the case whether the plaintiff did, in the exercise of proper care and prudence, properly cross the street. Ordinarily he should have crossed at the place provided for that purpose, but if this was obstructed or there was not merely appearance of danger, but such as would deter an ordinarily prudent person from crossing on the cross-walk, then he might do so at some other place. Sidewalks and cross-walks alone are constructed for foot travelers, and he who, without some good and sufficient reason, walks elsewhere and is injured should not be permitted to complain that he has been injured through the fault and negligence of the city. We also think the seventh paragraph in the instructions should have gone a step further and clearly pointed out the distinction between stepping on the ice in the gutter, and falling on the sidewalk, and doing so on the ice on the sidewalk. The accident in one sense did occur on the sidewalk, and in another it did not, for under the evidence the defendant may have slipped on the ice in the gutter and yet fell on the sidewalk; that is, his body struck the sidewalk, and he was thereby injured. The slipping then on the ice in the gutter would have been the cause of the accident, and the jury should have been told, if they so believed, that the plaintiff could not recover; this, for the reason, if no other, that there was no other claim made in the petition.

REVERSED.