## O'LAUGHLIN v. THE CITY OF DUBUQUE.

MUNICIPAL CORPORATIONS: DEFECTIVE SIDEWALK: EVIDENCE CONSIDERED.

*Appeal from Dubuque Circuit Court.*

THURSDAY, DECEMBER 11.

THIS is an action for a personal injury caused by the plaintiff falling upon a sidewalk, which he alleges the defendant negligently allowed to become dangerous to travelers by reason of an accumulation of snow and ice thereon. There was a trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*H. T. McNulty*, for appellant.

*H. B. Fouke*, for appellee.

ROTHROCK, J.—This is the second appeal in this cause. See 42 Iowa, 539. In the former appeal the evidence showed that the plaintiff in crossing from one side of main street to the other did not cross upon a cross-walk, but went diagonally in a hurried manner and slipped and fell just as he reached the sidewalk. "There was no evidence tending to show that the cross-walk was in bad condition," for aught that appeared it was at least perfectly safe and free from accumulations of snow. We then held that "ordinarily he should have crossed at the place provided for that purpose, but if this was obstructed, or there was not merely appearance of danger, but such as would deter an ordinarily prudent person from crossing on the cross-walk, then he might do so at some other place. Sidewalks and cross-walks alone are constructed for foot passengers, and he who without some good and sufficient reason walks elsewhere and is injured, should not be permitted to complain that he has been injured through the fault and negligence of the city." Counsel for appellant claims that the evidence upon the last trial was the same as on the first. He says: "The plaintiff had before him the opinion of this court given in the former case, and although his interest as well as his inclination prompted him to avoid the objection to his recovery stated in the opinion, a careful reading of his testimony shows plainly that he has not succeeded in avoiding such objections.

Counsel is mistaken. It appears that the plaintiff was an officer of some court, and that he had a subpœna which he desired to serve on one Smith.

His testimony in part is as follows: "When I got up to Main street I struck the northeast corner of Main and Seventh streets; I there saw Squire Smith, the witness I was after; he was on the other side of Main street, about half way between Seventh and Eighth Streets, when I went to the corner. The reason why I did not cross over on the regular crossing was that the regular crossing was not a very good crossing, and another thing, I didn't see any danger before me, and the snow was covering the obstruction, and I wanted to make a short cut to my witness, and that was supposed to be the worst crossing then on Main street at that time. The reason for my crossing diagonally was to get up to my witness, and another reason was that the crossing at Seventh street was a little dangerous." It is true that in another point of his testimony he said "at that time I did not know that there was any ice or obstruction on that crossing. At that time I did not see any obstruction on the crossing; I knew it before that time." There was other evidence tending to show that at the end of the cross-walk there was quite an accumulation of ice at a point where iron sewers formed part of the crossing, and that they had been overflowed with water which was frozen and allowed to remain there. Now, the jury may have found that the crossing was dangerous, and that the plaintiff avoided it and crossed upon the street because it was dangerous. The evidence is not the same as on the former trial. The facts necessary to a recovery were no doubt discovered after the former trial, and are sufficient within the rule of the opinion in the former appeal. The record presents no other question for our determination.

AFFIRMED.

SEEVERS, J., *dissenting.*