COMISKIE *v.* CITY OF YPSILANTI.

1. MUNICIPAL CORPORATIONS—STREET CROSSINGS.

A city is under legal obligation to maintain in a reasonably safe condition for pedestrians that section of the highway at a street crossing which lies within the lines of the sidewalk if extended, where it appears, from the existence of a beaten foot-path at such point, that the same is used for public travel, even though the city has constructed a cross-walk on the opposite side of the street.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.

Whether the highway at such a crossing was in a reasonably safe condition for public travel was a question for the jury, where it appeared that a tile drain, which received the water from an open ditch on the opposite side of the street, was allowed to discharge it into a continuation of the ditch at a point within the lines of the sidewalk if extended.

GRANT, C. J., dissenting.

Error to Washtenaw; Kinne, J.    Submitted February 3, 1898.    Decided March 15, 1898.

Case by Virgie A. Comiskie against the city of Ypsilanti for personal injuries.    From a judgment for defendant on verdict directed by the court, plaintiff brings error.    Reversed.

*Lehman Bros., Smith & Stivers,* for appellant.

*Darwin C. Griffen ( J. Willard Babbitt,* of counsel), for appellee.

HOOKER, J.    Ballard and Emmett streets, in the city of Ypsilanti, cross each other at right angles, the former running north and south, and at the point of intersection and vicinity are well built up with residences.    Sidewalks

have existed for some time upon both sides of Ballard street, both north and south of Emmett street, but no cross-walk has ever been laid across Emmett street connecting the sidewalk to the north and south on the east side of Ballard street. Upon the south side of Emmett street was an open ditch, outside of the sidewalk, for the purposes of a highway drain, which was carried across Ballard street by means of tile, which received the water from the open ditch at the west side of Ballard street, and discharged it into a continuation of the open ditch at the east side of Ballard street. While there was no cross-walk at this point, pedestrians crossed Emmett street there, and their travel had made a beaten path. The tile drain did not extend as far east as the east line of the sidewalk on Ballard street, and the path curved sufficiently far to the west to avoid the open ditch at that point, which, at the end of the tile, is shown by some of the testimony to have been about 20 inches deep. In crossing in the darkness, the plaintiff got out of the path, and was injured by stepping or falling into the open ditch.

While there was no cross-walk provided at this point, it was obvious to the city, from the existence of the beaten path, that citizens crossed at that point, and it was under a legal obligation to keep the way in condition reasonably safe for public travel. Whether this highway, at the point mentioned, was so, was a question for the jury. We do not mean to imply that the city should have built a cross-walk, or that covered drains must be constructed at all points, or even across other highways; but whether the construction of this tile drain, and its junction at that particular point with the open drain, was a reasonable one, under all the circumstances and conditions, taking into consideration the grade of the sides of the ditch, the proximity of public light, etc., was a proper question for a jury. It is within the rule of *Baker* v. *City of Grand Rapids*, 111 Mich. 447; *Malloy* v. *Township of Walker*, 77 Mich. 448 (6 L. R. A. 695).

The question of contributory negligence is not discussed, and an examination of the testimony indicates that, if in the case, it was for the jury upon this record.

The judgment is reversed, and a new trial ordered.

MONTGOMERY, MOORE, and LONG, JJ., concurred with HOOKER, J.

GRANT, C. J. (*dissenting*). I think that no case of negligence on the part of the defendant is established by the proofs, and that the court was correct in directing a verdict. Plaintiff stepped into a gutter which was about 18 inches deep, with a slant of 22 inches. The gutter was properly constructed to carry off the water. It was the natural and necessary way to conduct it down the hill. All the streets on this hillside have open gutters. They exist on the east side of Ballard in all the streets from Emmett to Congress, and are from 10 to 20 inches deep. Is the city liable if a traveler leaves the side and cross walks in the night, and falls into a gutter? One Mr. Rouse, a witness for the plaintiff, who lives across the road from the place where plaintiff fell, testified that the place at the end of the gutter "is not as dangerous as out here at the corner of the street opposite the court-house [in the city of Ann Arbor]." These gutters exist in all cities, and, if there is any liability here, it is because the city had failed to construct a cross-walk, or put up barriers as a protection against the gutter. It is under no legal obligation to construct such cross-walk or barriers. There was a sidewalk and a cross-walk on the other side of the street, over which plaintiff might have gone. The fact that people cross there on foot creates no obligation to build a cross-walk or protect the gutter. The gutter, in its then condition, had existed for some time. Plaintiff testified: "There was no cross-walk there, but we thought it was just as safe as the other side." If she and her companions chose to walk there, instead of taking the sidewalk upon the opposite side, where they knew they could walk with safety, she cannot complain, or hold the

city liable for injuries received. *O'Laughlin* v. *City of Dubuque*, 42 Iowa, 541. It is said in that case: "Sidewalks and cross-walks alone are constructed for foot travelers, and he who, without some good and sufficient reason, walks elsewhere and is injured, should not be permitted to complain that he has been injured through the fault and negligence of the city." I do not see how *Baker* v. *City of Grand Rapids*, 111 Mich. 447, has any application here. In that case a sewer was being constructed, and the opening was left unguarded by barriers or light.

I think the judgment should be affirmed.