PAUL ARMBRIGHT by CHARLES ARMBRIGHT, his next friend,
v. WILLIAM ZION and JOHN ZION, Appellants.

**Negligence:** JURY QUESTION. Where one, standing on a platform of a windmill 50 feet high and using an iron wrench weighing four pounds, drops it to the ground, where persons might reasonably be expected to be, and a person below is injured, the dropping of the wrench is of itself an act from which negligence may be inferred, and whether he used ordinary vigilance to avoid losing

his grasp on the tool that injury might not be occasioned by its fall is a question for the jury, and where he is unable to explain how he happened to lose control of it a verdict against him will not be set aside.

*Appeal from Louisa District Court.*—HON. WILLIAM S. WITHROW, Judge.

FRIDAY, MAY 12, 1899.

ACTION for damages. From a judgment for plaintiff, the defendants appeal.—*Affirmed.*

*W. W. Dodge* and *B. F. Van Dyke* for appellants.

*C. A. Carpenter* for appellee.

LADD, J.—The iron wrench about twelve inches long and weighing four pounds fell from the hand of John Zion on the platform of the windmill, fifty feet from the ground, where it struck Paul Ambright on the back of the head, fracturing his skull, so that a portion of it, the size of a silver dollar, was necessarily removed by the surgeon. This platform was about four by six feet, and John was up there attempting to fasten a brace to a fan with a bolt. To do so, he stood at one corner, holding himself with one hand while he reached out with the wrench to turn the burr with the other. In making a change to secure a better position, the wrench fell, but how this happened he was unable to explain. Paul was assisting his father in painting William Zion's barn. They had quit early, and, at the suggestion of William, proceeded to clean their hands for dinner. Under the mill, but within the tower, was a small milk house, where they went for that purpose. But, on the suggestion of the father that the milk might become tainted from the paint on them, Paul stepped outside, and placing the basin on the wash block, while washing his face, received the injury.

The appearance of this block indicated its use for that purpose. A similar block was at the house where they had

previously washed. Charles Armbright testified that William Zion advised him that they might make use of either as they chose, and towels were brought by the children. The evidence was such that the jury might have found that the 'Armbrights were at the mill when John Zion started up the ladder to the platform, and that his father, William, knew what he was about to do, and acquiesced therein. Besides, the path leading from the house to the barn, which persons were likely to use, passed near the windmill. The contention of appellants is that the evidence was not sufficient to sustain the verdict. That the facts must warrant an affirmative finding of negligence, and that the mere happening of an accident may not justify this, will be conceded. But the attending circumstances left such a finding open to the jury. The evidence tended to show that John Zion knew that the 'Armbrights were on the ground below the platform, and that persons were likely to be there at any time. To drop anything of considerable weight from that height above would endanger the lives of those below. Everyone is bound to exercise care commensurate with known dangers; and the dropping of a heavy iron wrench from such a height to the earth, where human being are, or might reasonably be expected to be, is of itself an act from which negligence might be inferred. See *Case v. Railway Co.*, 64 Iowa, 762. John Zion was bound to exercise ordinary vigilance that he might avoid losing his grasp on the tool he was using that injury might not be occasioned by its fall. Whether he did so was properly left for the jury to determine. *Stearns v. Spinning Co.*, 184 Pa. St. 519 (39 Atl. Rep. 292), is not in point, as there the inference of negligence from the falling of the hatchet head was rebutted. Whether John was performing the work at the instance of his father, and whether guilty of contributory negligence, were issues properly submitted to the jury. We discover no error in the record, and the judgment is AFFIRMED.