CHRISTINA STOKES, Appellee, v. THE CITY OF SAC CITY, IOWA, Appellant.

**Municipal corporations:** NUISANCE: CONTRIBUTORY NEGLIGENCE: AS-
1 SUMPTION OF RISK. One voluntarily driving upon a public street which, by reason of unusual stir and excitement involves possible danger, is required to exercise a degree of care commensurate with the surroundings, which in law is ordinary care. Whether plaintiff exercised ordinary care in driving upon the streets of defendant city, when her horse became frightened at an animal exhibited in a cage as part of a circus menagerie, was under the circumstances for the jury.

**Same:** PLEADING: PROOF: VARIANCE. A fatal variance between the
2 pleading and proof does not exist unless it is such as to mislead or surprise the opposite party. In this action for plaintiff's injuries caused by the fright of her horse at a caged animal in the street, the petition alleged that defendant permitted a cage or vehicle containing a wild animal, the character of which was terrifying to

horses, to be upon the street for exhibition, and without notice or knowledge thereof plaintiff drove along the street and her horse took fright thereat. The proof disclosed that the animal was kept in a small structure similar to a house, but the animal itself could not be seen from the street. There was also evidence that an odor emanated from the cage disturbing to horses. *Held*, as the gist of the action was in permitting a nuisance likely to frighten horses to remain upon the street, and the cage with the animal were jointly charged as constituting the nuisance, there was no fatal variance.

**Same:** STREET OBSTRUCTION: CARE REQUIRED OF TRAVELER. The fact that the cage and its occupant if constituting a nuisance were as obvious to the plaintiff as to the city, would not necessarily defeat plaintiff's right of recovery; as the degree of care required of plaintiff in driving upon the street does not depend alone upon the degree of care exercised by the city, but is measured by the conditions there existing, and included therein is the right of a traveler to rely upon the duty of the city to keep its streets reasonably safe for travel.

**Same:** PROXIMATE CAUSE. If plaintiff's horse was frightened by the alleged nuisance in defendant's street and by reason thereof got beyond plaintiff's control, the fact that another intervening cause contributed to her injury would not relieve defendant from liability, if her injury would not have happened except for the original fright of the horse.

**Same:** CONTRIBUTORY NEGLIGENCE: INSTRUCTION. Where the court, in applying the law to various conditions which might arise under the evidence, told the jury that negligence of the plaintiff contributing to her injury would defeat recovery, defendant was not prejudiced by failure to state, in connection with a statement of the issues, that plaintiff must prove that her injuries were not due to any negligence on her part.

**Same:** DAMAGES: FUTURE PAIN: INSTRUCTION. Where the evidence in a personal injury action showed that plaintiff had not fully recovered from her injuries which had caused her pain, an instruction permitting recovery for future pain and suffering was not erroneous, on the theory that there was no evidence to support it.

**Same:** NEGLIGENCE: INSTRUCTION. Where the court instructed that in attempting to drive by the alleged nuisance plaintiff must have exercised the care that a reasonably careful person would exercise under such circumstances, it was sufficient to cover every act, omission or belief which might enter into the situation, and was not objectionable because of the statement that if she believed or had

reason to believe that she could pass the nuisance, instead of requiring that as a reasonably prudent person she must have had reason for so believing.

**Same:** When under the influence of an unexpected danger or situation of fright a person is not held to the same degree of judgment as would otherwise be required; but all the circumstances including that of actual or apparent danger are to be considered in determining what is ordinary care.

**Same.** Where the court instructed, in relation to the negligence of the city in permitting the alleged nuisance, that defendant would only be liable for negligence, the proximate cause of the injury, the refusal of defendant's requested instruction that it would not be liable if the proximate cause of plaintiff's injury was her own act in turning her horse into the alley, neither of which defined the term proximate cause, was not erroneous; as the ultimate effect of both instructions was the same.

**Same:** EVIDENCE: CONCLUSION. Where a witness testified that the cage or wagon frightened one of his horses as he drove past it, and described the action of his horse, the further statement that he supposed the horse was frightened at the wagon was not objectionable as a mere supposition, but was a proper statement of what appeared to him at the time as the disturbing cause.

**Same:** EXPERT EVIDENCE. Where a witness had testified that his horses were not frightened at the cage or wagon, and that from his experience there was nothing about the wagon or its occupant likely to frighten reasonably quiet horses, although there was a difference in horses in that respect, he was properly permitted to further state as an expert whether, if certain horses were frightened when in the vicinity of the cage, or before they saw the same, it was not the odor that disturbed them, over the objection that the question was hypothetical and without support in the evidence.

**Same:** EVIDENCE: RELEVANCY. The testimony of a witness that a wagon might be painted a color which would frighten horses, although he was unable to state the color of the particular wagon in question, was not objectionable because relating to wagons generally, where it could have no other application in the case than to the particular wagon in question.

*Appeal from Sac District Court.*—HON. M. E. HUTCHINSON, Judge.

SATURDAY, DECEMBER 13, 1913.

ACTION for damages based upon fright to a horse driven by plaintiff, occasioned by the presence of an alleged nuisance on the street of defendant. From a verdict and judgment for plaintiff, the defendant appeals.—*Affirmed*.

*W. A. Helsell* and *Malcolm Currie*, for appellant.

*Chas. D. Goldsmith* and *Maurice O'Connor*, for appellee.

WITHROW, J.—I. This action is to recover damages alleged to have been caused to plaintiff by reason of a horse she was driving becoming frightened at a wagon or cage, in which was kept for view, upon the payment of an admission fee, an animal which was a freak. The wagon, on which rested or was built the house or cage in which the animal was kept, was permitted by the officers of the defendant city to be located at a place on and within a public street on the day a circus was in Sac City. The case has once before been in this court, the opinion being reported in 151 Iowa, 10. It was reversed because of error in instructions and in refusing offered testimony. We refer to that opinion for a more detailed statement of the facts. Upon the second trial there was a verdict and judgment for the plaintiff, from which the defendant appeals.

II. Appellant assigns twenty-five different errors as reasons for a reversal. They have been argued by appellant under twelve principal heads, which we shall consider, not in the order of their presentation, but according to their relative importance as relied upon by appellant.

1. MUNICIPAL CORPORATIONS: nuisance: contributory negligence: assumption of risk.

As we have stated, the accident occurred on a day when a circus was in Sac City, as a result of which there was more stir and excitement than was usual. It is a claim of the appellant that such

fact charged the plaintiff with knowledge that there was greater danger in driving her horse upon the streets of the city; and that she must have been held to have assumed all risk. We understand it to be the general rule, and as such applicable to this case, that if one voluntarily goes into a place or is in a situation which involves possible danger, the duty required is the exercise of that degree of care which is commensurate with the surroundings, and such is in the law ordinary care, a failure to so do amounting to negligence.

Such is in accord with the general rule as to negligence and duty as frequently announced by this court, and which we regard as controlling. The greater danger exacts greater care; but whether such has been exercised must, if the facts are in any fair degree open, be left to the determination of the jury. *Armbright v. Zion,* 108 Iowa, 338; *Sterns v. Spinning Co.,* 184 Pa. 519 (39 Atl. 292, 39 L. R. A. 842, 63 Am. St. Rep. 807).

III. Appellant's motion to direct a verdict covered not only the ground considered above, but also was based upon the claim that plaintiff's petition charged a right of recovery because her horse became frightened at a caged animal, and that no witness testified that such was the cause of the fright. The petition averred that the city permitted to be upon its streets, "for the purpose of exhibiting to the public, a cage or vehicle containing a wild animal the character and quality of which was hideous and terrifying to domestic animals, and especially frightful to horses," thereby creating a nuisance; and that plaintiff without knowledge or notice of the existence of the nuisance drove along the street, and her horse took fright at the caged animal. The evidence shows that the inclosure in which the animal was kept was similar to a house in form, with two openings which were at such height that the animal could not be seen from the street; but there was evidence tending to show that an odor at times arose from the animal which was disturbing to horses. It cannot be claimed, under

2. SAME: pleading: proof: variance.

the evidence, that the fright of the horse was occasioned by seeing the animal; but only that when passing along the street by the house or inclosure it took fright at the structure and possibly the odor. The evidence as to the cause of the fright was such as to leave this as a question for the jury, unless it be held that there was such a variance between pleading and proof as to afford no proper basis upon which a verdict could be rested. The ultimate result of the claim of negligence made by the plaintiff was that the defendant permitted to be upon a public and traveled street a nuisance of such character as was likely to be of danger because of occasioning fright. The elements which constituted the nuisance were the structure or wagon with its house upon it, the occupant of it, and its location. While the pleading of the plaintiff is wanting in some degree in definiteness as to cause and effect of the accident, it must be taken as a fact, sufficiently supported by pleading and proof to carry it to the jury, that the structure constituted a nuisance, and that the horse was frightened by it. When the cage or house and its occupant are jointly charged as the condition which amounted to a nuisance, liability will arise for damages resulting from it, whether from one or both of the joint causes, and there cannot, under such circumstances, be held to be such a variance as misleads or surprises the opposite party, and this under the great weight of authority is the true test of a fatal variance. 31 Cyc. 703, and cases cited. And a variance which does not affect the gist of the action as alleged is immaterial. Cyc., *supra.*

It also is urged that the motion to direct a verdict should have been sustained because of the fact that if the structure and the animal within it constituted a nuisance, placed where it was, that fact was as obvious to the plaintiff as to the city, and no greater degree of negligence could be charged to the city than could under such circumstances be properly imputed to her. This contention, as thus broadly stated, is contrary to

3. SAME: street obstruction: care required of traveler.

the rule which this court announced in *Frazee v. Cedar Rapids*, 151 Iowa, 251, which in some respects as to its facts is similar to this case. The plaintiff had received injuries claimed to have been caused by fright of his horse at a boulder which was permitted to remain in a street of the defendant. The proposition in this case, as in that, necessarily assumes that the driver of the horse was charged with the knowledge that the horse was likely to take fright at the object. In that case we held that an instruction was erroneous which required the jury to determine whether it was a matter of common knowledge that a horse so managed and driven would take fright under such circumstances. It was also stated to the jury in that case that if they found the driver of the horse knew of the existence of the boulder in the street, and its location, and if in passing it he exercised the same degree of care that the city officials had exercised in leaving it there, he could not recover. This was held to be erroneous. The degree of care required of plaintiff does not depend alone upon the degree of care exercised by the other party, but must be measured by the conditions then shown to have existed, included in which is that a traveler over the streets has the right to rely upon their being kept reasonably safe to travel. This does not mean such a reliance as will excuse him from exercising due and ordinary care, in the light of known and manifest conditions; but whether such is done, as applied to the facts in the present case, is a question to be determined by the jury.

The motion for a directed verdict also urged that it was not shown that the alleged nuisance was the proximate cause of the injury. It appears that after the horse became frightened and was moving rapidly down the street, with the plaintiff endeavoring to control it, she turned it into an alley, because, as she says, she thought she saw an approaching automobile which she wished to avoid, and in turning she was thrown out, receiving her injuries. If the fright was occasioned by the conditions

4. SAME: proximate cause.

claimed, and if because of such the horse got beyond the control of the driver, the fact that another intervening cause contributed to or caused the injury would not relieve the defendant from liability, if the injury would not have happened but for the original act of negligence. *Fishburn v. Railway*, 127 Iowa, 499. Appellant was not entitled to a directed verdict, for the reasons urged by it.

IV. In instructions Nos. 8 and 9 the trial court told the jury that if the use to which that portion of the street was then put, in permitting the caged animal to be there, was manifestly dangerous, then such would constitute a nuisance. It is claimed that, if it was manifestly dangerous, such applied as well to the plaintiff as to the defendant, and that it was her duty to avoid it. The thought covered by this objection is the same as that considered in the previous division of this opinion. In giving such instructions, and in stating the rule as to care required in view of the situation, there was no error. Instructions Nos. 18, 19, and 20 asked by the defendant were upon the theory advanced by it in its objections to instructions Nos. 8 and 9 which were given, stating the proposition in different ways, and including some provisions as to care required of plaintiff, which as general statements were correct, but when taken in connection with the other parts of the instructions imposed too high a duty.

V. Instruction No. 13 asked by defendant, which was refused, limited the liability of the city to fright caused by the animal, regardless of other conditions. In refusing it there was no error, for the reasons stated in division 2 of this opinion.

VI. Instruction No. 14 asked by the defendant and refused was in substance covered by the general instructions as to the weight to be given to the testimony and the credibility of witnesses. There was no error in refusing the requested instruction; and this applies also to instruction No. 15, which was requested and refused.

VII. Error is charged in the statement of the issue to

the jury, particular objection being urged to the clause which stated that plaintiff must prove that the injuries were not due to nor the result of any negligence on her part, it being claimed that they should have been told she could not recover if her negligence contributed to the injury. While the statement, if alone, might well be held not to accurately state the law, in several of the instructions which applied the law to the various conditions which might arise under the evidence, the jury was told that negligence on her part contributing to the injury would prevent recovery. The omission was therefore without prejudice.

5. SAME: contributory negligence: instruction.

VIII. Instruction No. 13 given by the court is criticised. In connection with the statement of the measure of damages, the court told the jury that they could allow for future pain and suffering, if the evidence showed that her injuries would occasion such. The particular point urged is that there is no evidence upon which to base that part of the instruction. No witness testified, in terms, that she would suffer in the future; but the evidence did tend to show the nature of her injuries, that she had suffered up to the time of the trial from the effects of the injury, and that she had not fully recovered. There was no real controversy as to her injuries, nor as to her condition at the time of the trial. From such evidence the jury might properly find there would yet be pain and suffering, its duration, of course, being indefinite, thereby rendering uncertain the period to be covered in their allowance should she recover; and the record upon that question, the amount of the verdict being $425, is such that we may fairly conclude the jury did not go into the field of speculation nor beyond bounds which were legitimate under the proof. We conclude there was no prejudicial error in the instruction.

6. SAME: damages: future pain: instruction.

IX. Instruction No. 18 is criticised because of the expression "if she believed, or had reason to believe, that she

could pass such caged animal," the alleged error being that
it should have been stated that as a reason-

7. SAME: negli-
   gence: instruc-  ably careful and prudent person she had rea-
   tion.
son to believe it.   We do not find the instruc-
tion to merit that criticism, for in another part of it attention
was called to the requirement that "in attempting to pass it
she must exercise the care and prudence that a reasonably care-
ful and prudent person would- exercise under such circum-
stances," and this would reach to every act, omission, or
belief which might enter into the situation.

X.   Instruction No. 19 related to the degree of care
required of plaintiff at the time she turned the horse into
the alley.   The jury was told that, if the horse at the time
was wholly or partially beyond her control, then she would
not be held to the same degree of judgment as though fright
had not occurred.   It is claimed that the fact that she turned
the horse showed it was under control, and that she did con-
trol it in that manner to avoid what she thought was an
approaching automobile.   Read as a whole, the instruction
is not erroneous.

In a situation which causes fright, or when the element
of unexpected danger suddenly appears, one is not held to
the same degree of judgment that would otherwise be re-
quired; but all the circumstances, including

8. SAME.              that of the immediate situation of actual or
apparent danger, must be considered in determining what is
ordinary care.

XI.   Instruction No. 7 asked by the defendant was to
the effect that the city would not be liable if it was found
that the proximate cause of the accident was the horse being
turned into the alley by its driver.   Instruc-

9. SAME.              tion No. 14, given by the court, told the jury
that defendant could only be held liable for negligence which
was the proximate cause of the accident.   Neither the re-
quested nor the given instruction defined or explained proxi-
mate cause, merely using the general term; that offered by

the defendant related to the turn at the alley; that given by the court, to the alleged negligence of the city in permitting the condition in the street which caused the fright. The ultimate effect of the offered and given instructions was the same, and there was no error in the refusal.

XII. A witness on the part of plaintiff testified as to the effect the wagon had upon one of his horses when he drove by it, that it snorted and pushed over against its mate; he also stated, "I supposed the horse was fright-

10. SAME: evidence: conclusion.

ened at the wagon." This was objected to, but the trial court refused to strike it out. It was not the statement of a mere supposition of a witness, which is properly subject to objection, but rather of the impression had by him at the time as to the cause of the nervous action of his horse. He connected the condition or action of his horse with the cage or house, and his answer was not an improper statement of what appeared to him to be the disturbing cause. The same principle governs the testimony of one Jackson as to the difficulty a driver seemed to have with his team in driving them by the exhibit.

XIII. One Blakeslee, called on the part of the defendant, testified to have driven his team by the wagon, and that they manifested no fright, and judging by his experience with

11. SAME: expert evidence.

horses there was nothing about the wagon or its contents likely to frighten a reasonably quiet and gentle horse. On cross-examination he testified that there was a difference in animals; while some might frighten at an object, others would not. He was then asked, as an expert, that if certain horses became frightened when they got in the vicinity of the show wagon, even before they saw it, whether or not it was the odor which frightened them. Over the objections of the defendant, he was permitted to answer, and this is urged as error. The objection raised the point that it was a hypothetical question not based upon proven facts. There were, however, facts in the record which

justified the inquiry from a witness who had stated that from his experience the situation was harmless.

The same witness was asked as to the color of the wagon, which he could not remember, and then followed the question which, over objections, developed the answer that there may be a color which will frighten horses that are not familiar with it. While it is claimed the question and answer related to wagons generally, and not to the one in question, it could have no other application in the case than to the wagon in controversy. There was no prejudicial error in admitting the answer.

12. SAME: evidence: relevancy.

We find no error requiring a reversal, and the judgment of the trial court is *Affirmed*.

WEAVER, C. J., and DEEMER and GAYNOR, JJ., concur.