J. B. YOUNGBLOOD, Appellant, v. CITY OF MASON CITY, Appellee.

**Municipal corporations:** SIDEWALKS: ACTION FOR INJURY: EVIDENCE:
1    ADMISSIONS. Where plaintiff's action for injury because of an obstructed walk was brought against the city, and the city by cross

petition made a building contractor a party, alleging that if the walk was obstructed it was done by such contractor alone, denying knowledge, and admitting no facts upon which liability of the city could be based, such cross petition was properly refused as evidence of an admission of liability of the city.

**Same:** PROXIMATE CAUSE: INSTRUCTIONS. Where a building contractor, who had been given permission to occupy a portion of the streets with his material, placed a wire around the ground between the intersecting sidewalks and the street curb for the purpose of protecting the parking, thus cutting off a by-path from one of the walks, over which wire plaintiff stumbled and was injured, the fact that the contractor piled material on the other walk, which plaintiff did not attempt to use had no causal or proximate connection with his injury; and the rule that a city is bound to know that proper precautions are taken to avoid injury to travelers from street obstructions which it has authorized has no application, and the court was not required to instruct that such was the law. As the injury complained of resulted from the placing of the wire, which was not made necessary by, nor incident to, the occupancy of the street with material, but was an independent act of the contractor, the court properly instructed that for plaintiff to recover it was necessary for him to show that the city had actual knowledge that the wire had been negligently stretched across the path, or that it had been there for such length of time that by the exercise of reasonable care it should have known thereof.

**Same:** APPEAL: CHANGE IN THEORY OF CASE. Where the appellant offered evidence on the theory and for the express purpose of showing constructive notice to the city of an obstruction to the walk, which caused plaintiff's injury, he cannot shift his position on appeal and contend that the city was not entitled to notice, but was bound to know of the obstruction.

**Contributory negligence:** INSTRUCTIONS. The fact that one paragraph of the instructions referred to certain facts to be considered on the subject of contributory negligence, omitting other facts in evidence, was not erroneous, where such other facts were properly submitted under other instructions.

**Same.** Where negligence and ordinary care were properly defined in submitting an action for a personal injury, an instruction denying a right of recovery, if plaintiff was guilty of contributory negligence, no matter how slight, was not erroneous.

**Instructions:** ASSUMPTION OF FACTS. Where plaintiff claimed and the evidence tended to show that he was tripped and injured by a loose

wire guarding the street parking, and he made no claim that it was defectively constructed, submission of the case on that theory was not objectionable, as assuming that the wire had been safely constructed and that its loose condition was not because of its own defects.

Municipal corporations: OBSTRUCTION OF SIDEWALK: CONTRIBUTORY NEG-
7  LIGENCE: INSTRUCTION. The parking and seeding of ground between a sidewalk and the street curb, and the erection of stakes and wire to protect the same, are a withdrawal of the use thereof for purposes of travel; and an instruction that if the jury so found, and that this condition was fairly apparent to a reasonably prudent person, plaintiff was negligent in attempting to cross the same, was not objectionable as in substance telling the jury that it was negligence to cross the parking, as there was another safe and convenient way.

*Appeal from Cerro Gordo District Court.*—HON. C. H. KELLEY, Judge.

TUESDAY, MARCH 24, 1914.

ACTION to recover damages for injuries occasioned on a public street, alleged to have resulted from negligence of the defendant in permitting obstructions to a line of public travel. From a verdict and judgment against plaintiff, he appeals.— *Affirmed.*

*Blythe, Markley, Rule & Smith,* for appellant.

*D. H. Fitzpatrick,* City Attorney, and *Senneff, Bliss & Witwer,* for appellee.

WITHROW, J.—I. Plaintiff's cause of action is based upon the claim that for a long time prior to October 15, 1911, the defendant city had permitted the sidewalk at the intersection of Washington and Sixth streets, and near the northwest corner of the intersection of said streets, to become obstructed with iron and other material, and had permitted a wire to be stretched across said sidewalk and street, rendering the same

unsafe for public travel; that the city negligently failed to guard and light the place, and failed to give any warning to travelers on the street of its dangerous and unsafe condition. He claims that on the evening of October 15th, about 7:30 p. m., while he was lawfully walking on the street, and after dark, and while exercising due care on his part, and without knowledge of the wires across the street, he was caught in said wires and violently thrown to the ground, receiving injuries, and for which he claims damages. The defendant answered by general denial. There was a trial to a jury, with a verdict for the defendant, and the plaintiff appeals.

II. It appears from the evidence that upon the lot cornering upon the street intersection named a hospital building had been in course of erection, and at the time of plaintiff's accident the structural work was practically completed. The work was being done by the Bailey-Marsh Company, contractors, and there had been granted to the contractors by the city the right to use parts of the adjacent streets for the temporary deposit of materials to be used in the construction. On either side of the corner lot were cement sidewalks, intersecting and crossing, each extending beyond their point of intersection to the street curbing, and leaving between the two extensions a triangular plot of ground, bounded on two sides by the walks, and on the third or street side by the curbing. The hospital building was situated on the southeast corner of the block, and the lines of walk beyond the intersections, which marked the two sides of the triangular plot, extended towards the east and the south, respectively. The evidence on the part of the plaintiff tends to show that this small plot was often used by pedestrians as a thoroughfare in making a "short cut" to the post office, which is situated southeast of the hospital, and his claim is made, in the presentation of the case, that it was a public traveled way, and that it was the duty of the city to keep it free from obstruction. The evidence tends to show that brick and other material used in the advancement of the work on the hospital building had been deposited upon this

particular plot as early as May 20th, and that it was so used for the most of the time until it was cleared up and seeded down for the purpose of being improved as parking, which was about September 10th. The evidence shows that this triangle of ground, perhaps with more, was placed in condition, seeded, and that it was inclosed by a wire fastened to stakes driven in the ground. On the night in question, and for some time preceding, the line of walk extending east from the intersection to the curbing was used upon which to place a number of radiators to be later connected with the heating system, and that in consequence that line of travel was entirely obstructed, but the line to the south was open and free. On the evening of his injury, the appellant was on his way to the post office, and, upon reaching this corner, instead of following the open walk, went, as he says was his custom and the custom of others, across the little corner, between a tree and telephone pole which were in it, no doubt moved by that impulse so characteristic of our people to save a moment of time and a few feet in distance. It is his claim that he did not know that the guarding wire was there, that it had become loosened, and his foot caught in it, tripping and throwing him, causing his injuries. The evidence tends to show that, while no warning lights were at the place, the streets and intersections were lighted by strong electric lights. It appears by proof that after the wire had been placed around the small plot, that it had been continuously so maintained up to the time of the accident, excepting perhaps a few times when it had been put down by some traveler striking it and loosing the supporting stakes; and it also appears that earlier in the day preceding the accident it had been in proper position. While the appellant testified that he did not know of the existence of that which he claims was the obstruction directly resulting in his injury, and that, in his movements at the time, he but followed the course generally taken by himself and by others, and which had been so generally used as to create a beaten path across the corner, yet in his cross-examination there was

developed facts which, with other proof, so far as that feature
of the case may be of controlling importance, made the ques-
tion properly one for the jury, and this, we think, is also
applicable to the entire record, upon the claim of the appellee
that, regardless of alleged errors, there was such a showing of
contributory negligence as required a directed verdict for the
defendant. The foregoing statement of the facts sufficiently
presents the record for a consideration of the errors urged.

III. After the commencement of this case, the defendant
city filed a cross-petition against the Bailey-Marsh Company,
praying that it be held liable for any damages which might be
adjudged due the plaintiff, alleging that it
had no knowledge as to the alleged injury
or its causes, and that, if there was a wire
stretched across the street, as claimed, such
was done by the contracting company, and that, if there was
negligence as claimed, it was that of the Bailey-Marsh Com-
pany, and not of the defendant. Notice of the cross-petition
was not served upon the contractor. Upon the trial the appel-
lant offered to introduce parts of the cross-petition in evi-
dence, but, upon objection, it was refused, and error is
charged. The theory upon which the offer was made was
not definitely stated by counsel, but the trial court treated
it as being claimed as an admission of the defendant. It
was not disputed that the contracting company had been
occupying parts of the streets and parking for its purposes,
and that such had been under a permit from the city. The
cross-petition, a copy of which is presented in the abstract,
contained no admission of liability by the city, nor of facts
upon which its own liability could be based, but, on the
contrary, while disclaiming knowledge of conditions charged
as negligent, averred that, if that were such, the primary
liability would be of the contracting company. The sole
question raised by the issues in the main case was as to the
liability of the city, and upon this claim the appellant relied.
The cross-petition contained no admission of the city as to

1. MUNICIPAL
CORPORATIONS:
sidewalks:
action for in-
jury: evidence:
admissions.

the issues raised in the case, and there was no error in excluding it.

IV. It is claimed that the trial court erred in holding that, to entitle the plaintiff to recover, he must show that the wire had been stretched across a traveled way by the city, or that it had actual notice of it, or that such had existed for such length of time that the city, in the exercise of ordinary care, should have had notice of it. The alleged error is claimed to have entered into instructions Nos. 4 and 11 given by the court. In, instruction No. 4 the trial court gave to the jury a statement of the various things required to be shown to warrant a recovery, as follows:

2. SAME: proximate cause: instructions.

In order to recover in this action, it must be proven, by weight or preponderance of the evidence introduced upon the trial, that a traveled path used commonly by pedestrians had existed across the parking at the place in question substantially as claimed by plaintiff; that the defendant's officers actually knew of same, or that it had existed for such a length of time that such officers, in the exercise of reasonable and ordinary care and diligence, should have known of the existence thereof; that a wire had been negligently stretched across such path; that the defendant, by its officers, actually knew of the erection of such wire, or, by the exercise of reasonable and ordinary care and diligence, should have known of its erection a sufficient length of time before the injury to plaintiff so that, in the exercise of reasonable care and diligence, such wire might have been removed or safeguarded before plaintiff was injured.

The particular claim is that, by permitting the Bailey-Marsh Company to occupy a portion of the sidewalk and parking, the city could not relieve itself from any liability occasioned by such use; and that it was bound to know that proper precautions were taken to avoid damage to travelers from obstructions, relying upon *Prowell v. Waterloo,* 144 Iowa, 689. The rule of that case is that, under such condi-

tions, the liability of the city is a primary one, and that it is not entitled to notice of a dangerous condition resulting from a work it has authorized or permitted, and which renders the streets unsafe for public travel; but we think it is without application here. The only obstruction which was incident to the work of the contractors, as complained of here, was that of the radiators, which lay upon that part of the walk running east from the intersection to the curb; and this condition had no greater connection with the injury of the appellant than that by it he could not pass over that walk, and therefore, instead of taking the unobstructed walk running to the south, he crossed the triangular park, and was injured; but this was not a causal or proximate connection. This was at most a secondary result from the first condition.

The happening of the event which is the basis of this action, or of any like accident and injury at that place, cannot be said to be such as would or should have been anticipated. The placing of the wire about the little park to protect it was not made necessary by, nor was it an incident to, the obstruction of the sidewalk, but was for a purpose entirely independent of that act. The negligence alleged as to the obstruction by the radiators is too remote. *Bosch v. Railway Co.*, 44 Iowa, 402; *Fishburn v. Railway Co.*, 127 Iowa, 490.

But beyond this it quite clearly appears from the evidence that the work of improving, seeding, and protecting the little park was wholly collateral to the work being done by the contractors. In *Prowell v. Waterloo, supra,* it is recognized that, under such conditions, a city would not be liable for negligence of the contractors; and, if not liable for such negligence, its liability could only be made to depend upon notice, either actual or constructive, of conditions which were dangerous, and it was upon this theory that the criticised instructions evidently were given by the trial court.

Further, on the trial of the case the appellant offered and introduced the testimony of several witnesses to prove

such conditions as would constitute constructive notice to the city, and the purpose in making the offer was so stated by his counsel. That theory having been adopted, and, as we think, correctly, the appellant cannot now rest the case upon a different basis. *Himmelman v. Ins. Co.,* 132 Iowa, 668; *Willis v. Weeks,* 129 Iowa, 528.

**3. SAME: appeal: change in theory of case.**

We find no error in instructions Nos. 4 and 11, nor was there error in refusing the instructions upon this question asked by appellant.

V. Instruction No. 10 given by the trial court was to the effect that, if plaintiff exercised reasonable and ordinary care, taking into consideration all the facts and circumstances, then he was not negligent; but, if he was guilty of any negligence, no matter how slight, which contributed in any way to his injury, then such would be contributory negligence preventing a recovery.

**4. CONTRIBUTORY NEGLIGENCE: instructions.**

The instruction further told the jury the things, which the evidence tended to show, which might be taken into consideration in determining whether plaintiff was guilty of contributory negligence. The particular criticism urged against this instruction is that it emphasized the fact that slight negligence would defeat plaintiff's right to recover, and that it singled out facts favorable to the contention of the defendant which might be considered in determining that question. The facts referred to by the trial court were as to plaintiff's knowledge, if he had such, of the use being made of the streets and sidewalks prior to his injury, and the obstruction upon them, and his knowledge of them, if he had such, that the parking had been seeded, and that efforts had been made to keep people from crossing it. There can be no doubt that all of the matters mentioned were proper to be considered in determining whether at the time the appellant acted with reasonable care. Complaint is made that there was not included in the statements the

fact that the accident occurred at night, the size of the wire, and whether the place he crossed was that which he customarily followed. These elements, so far as it was proper to submit them to the jury, were fairly presented in other instructions, which, as a whole, clearly presented the respective claims and rights of the parties.

Criticism is made of the statement in the instruction that, "if plaintiff was guilty of any negligence, no matter how slight, contributing to his injury, he cannot recover."

5. SAME.
The criticism has apparent support in *Jerolman v. C. G. W. Ry. Co.*, 108 Iowa, 177, but in that case it was also held that slight want of ordinary care, which contributed to the injury, would prevent recovery; the court distinguishing between slight negligence and slight want of ordinary care. In the later case of *Cooper v. Oelwein*, 145 Iowa, 181, a similar instruction was held not to have been erroneous, as the court had clearly defined negligence. In the present case the trial court correctly defined negligence and ordinary care, and, following the rule of the cited cases, we hold the instruction was not erroneous.

VI. Instruction No. 11, to which reference has earlier been made in another connection, is further criticised for the reason that it assumed that the wire had been so placed as to be safe, and that its becoming loose or

6. INSTRUCTIONS: assumption of facts.
down was not because of its own defects. We do not so understand the instruction. It told the jury that, if the wire had become loose, and if plaintiff's injury would not have occurred but for such fact, that, to create liability, such condition must have existed for such length of time that the city, in the exercise of reasonable care, should have discovered such condition, and corrected or repaired it. The claim of the appellant was that he was tripped by a wire which was down, and the evidence tended to support the claim. He did not rely upon the fact of defective original construction, but upon the other condi-

tion. It was, as we have seen, the theory of his case, and the instruction was in line with it.

VII. Instruction No. 14, given by the trial court is criticised. It was as follows: "If it appears from the evidence that it was fairly apparent to a pedestrian, while using his senses as an ordinarily prudent man, that the parking had been seeded, and the existence of the stakes, or stakes' and wire, along the parking fairly apprised or warned him not to go upon the parking, then, if the plaintiff did go upon said parking under these circumstances, he was guilty of negligence, as the sidewalk afforded him a reasonably safe and convenient way."

7. MUNICIPAL CORPORATIONS: obstruction of sidewalk: contributory negligence: instruction.

The objection made is that it, in substance, told the jury that it was negligence to cross the parking, as there was another safe and convenient way. If the parking and seeding were apparent to the appellant, and this the instruction required must be found before he would be subject to the rule therein stated, it was then evident to him that, whatever had been the previous use to which the parking had been put by pedestrians as a way of travel, it had been withdrawn from such, and was being devoted to purposes other than that of a thoroughfare. If not a way of public travel, and this was the question presented by the instruction, then he had not the right to use it, and for injuries resulting from such use he could not complain. *Ely v. Des Moines,* 86 Iowa, 59; *Alline v. LeMars,* 71 Iowa, 654; *O'Laughlin v. Dubuque,* 42 Iowa, 539.

The instruction was properly qualified, requiring knowledge of such conditions before the rule would become applicable against the appellant, and, as given, was correct.

There was no error, and the judgment of the trial court is—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.