NELLIE A. GRAY, Appellee, v. CITY OF DES MOINES, Appellant.

No. 43270.

MARCH 10, 1936.

F. T. Van Liew, C. I. McNutt, and Chauncey A. Weaver, for appellant.

Reson S. Jones, for appellee.

ALBERT, J.—Hickman avenue, within the limits of the city of Des Moines, runs approximately in an easterly and westerly direction. It is a part of the national system of highways, known as Primary Road No. 6, and carries a heavy burden of traffic both day and night. This street is paved with brick, cushioned in sand on a concrete bed; and on either side, to hold the brick in place, is a 5-inch header which is constructed of concrete. The paved portion is 20 feet wide over all. At a point on the south side of said pavement, and about 60 feet west of Sixty-first street, the header was entirely broken off for a distance of 11 or 12 feet. The broken pieces fell into a ditch at the side of the pavement, thus releasing the brick, some of which fell into the ditch and others became disarranged and lay loose or mixed with sand. This condition extended north into the pavement for a distance of 4 or 5 feet. For a long time prior to this accident this part of the street was in this condition.

On the morning of the 28th of April, 1933, plaintiff was in an automobile making a trip from Atlantic to Des Moines, traveling in an easterly direction on the south side of the pavement. The husband of the plaintiff, and one other, were in the front seat, and the plaintiff and her three-year-old son were in the rear seat. As the car in which the plaintiff was riding approached the defect in the street, the car struck the defective place in the pavement, swerved to the left, and collided with a cattle truck which was going in a westerly direction on its own side of the pavement. From this collision the plaintiff received the injuries on which she bases her action.

At the close of all the testimony the defendant made a mo-

tion for a directed verdict, which was overruled, and the jury returned a verdict in favor of the plaintiff.

On submission here no question is raised or argued other than that of proximate cause. Counsel for the city says:

"We approach the subject fully cognizant of the bewildering nebulosities which throughout the years have befuddled courts, exasperated lawyers, and flabbergasted litigants."

With this statement of counsel we agree. The books are full of opinions from the various courts of this country in which an attempt has been made to give a practical definition of this term "proximate cause", and to mark a line of distinction between it and "remote cause"; but no one seems to have evolved a definition that is satisfactory.

In the early case of Dubuque Wood & Coal Association v. City and County of Dubuque, 30 Iowa 176, with reference to this we said:

"The dividing line between proximate and remote damages is so indistinct, if not often quite invisible, that there is, on either side, a vast field of doubtful and disputed ground. In exploring this ground there is to be had but little aid from the light of adjudicated cases. The course followed in each case, which is declared to be upon one side or the other of the dividing line, is plainly marked out, but no undisputed landmarks are established by which the dividing line itself may be precisely traced. As so little aid is derived from precedents in arriving at the conclusion we have reached, it would prove quite useless to refer to them."

In the light of later decisions of this court, and of other courts, what was said in the above-entitled case still fairly defines the situation.

The sum total of our own cases, and the cases from other states, is that to properly define or instruct on proximate cause the fact situation in the particular case is controlling, and the definition or instruction must be based thereon.

In the present case this question is raised by a motion to direct a verdict. The fact situation in the instant case, as heretofore set out, raises the question of whether or not the negligence of the defendant in maintaining this defective street was the proximate cause of the injury, or whether there was an inter-

vening cause between that and the injury which would make the defective street a remote cause. It, of course, must be conceded that if there was an efficient intervening cause, then this motion to direct a verdict should have been sustained. The claim of the defendant is that the cause of the injury to this plaintiff was the collision of the two cars, and that such was a sufficient intervening cause to excuse the defendant. In the case of Godbey v. Grinnell E. & H. Co., 190 Iowa 1068, 1078, 181 N. W. 498, 502, the following instruction was given:

"An independent cause, intervening between the act of defendant and the injury to plaintiff, will prevent the act of defendant from being the proximate cause of the injury, unless such intervening cause could have been foreseen by defendant to be a not improbable occurrence."

This instruction was approved.

Taking this approved law by this court as a measure of an intervening cause which would excuse the defendant's negligence, we turn to the fact situation in this case. The evidence shows that the cattle truck was legally traveling on its own side of the road, from which it did not divert at any time. It also shows that this street carried a very heavy line of traffic, both day and night. It is also deducible from the record that this defect in the street existed for a long time prior to the time of this accident. The question, then, narrows down to whether or not, under these circumstances, it could probably be anticipated that from this defect in the street an accident would occur; not necessarily the accident that did occur, but whether or not it was probable that the condition of the street was such that some accident might occur therefrom. Passing the question of the burden of proof on this proposition, we think the situation undoubtedly presents one in which a reasonable person would conclude that, from the condition of the street, some accident would occur to an automobile traveling over such defect. We think that, under the circumstances shown in this case, it was proper to submit the question of proximate cause to the jury .

The following cases have aided us in reaching our conclusion: Dennis v. Merrill, 218 Iowa 1259, 257 N. W. 322; Whitlatch v. Iowa Falls, 199 Iowa 73, 201 N. W. 83; Sell v. Chicago, R. I. & P. R. Co., 199 Iowa 808, 202 N. W. 785; Johnson v. Denison, 186 Iowa 949, 173 N. W. 46; Evans v. Des Moines, 169 Iowa

321, 151 N. W. 397; Youngblood v. Mason City, 165 Iowa 488, 146 N. W. 20; Stokes v. Sac City, 162 Iowa 514, 144 N. W. 639; Van Camp v. Keokuk, 130 Iowa 716, 107 N. W. 933; Fishburn v. Burlington & N. W. Railway Co., 127 Iowa 483, 103 N. W. 481; Watters v. Waterloo, 126 Iowa 199, 101 N. W. 871; Gould v. Schermer, 101 Iowa 582, 70 N. W. 697.

It is our conclusion, therefore, that the action of the district court in overruling the motion for a directed verdict was proper. —Affirmed.

DONEGAN, C. J., and ANDERSON, KINTZINGER, MITCHELL, PARSONS, HAMILTON, and STIGER, JJ., concur.